S91A0285. NEWTON COMMONWEALTH PROPERTY, N.V. et al. v. G + H MONTAGE GmbH.
S91A0286. IRVANI v. G + H MONTAGE GmbH.
S91X0287. G + H MONTAGE GmbH v. IRVANI et al.
(404 SE2d 551)

BENHAM, Justice.

G + H Montage GmbH (hereinafter "Montage") secured a judgment against Irvani in England. It subsequently sought to domesticate that judgment in Gwinnett County, Georgia. As a part of the action, Montage sought to set aside certain transactions involving Irvani, his family, and a number of corporations, some domestic and some from the Netherlands Antilles. The litigation grew increasingly complex with the filing of an amended complaint and with extensive discovery, producing a record of more than 8,000 pages.

For the stated purpose of bringing the complex case under control, the trial court instituted certain limitations on the parties. Those limitations included forbidding the filing of any further motions, limiting the time in which the parties could present their cases at trial,

and limiting cross-examination to the same length as direct examination. In all three of these appeals, the trial court's imposition of limits on the parties' efforts to present their cases is enumerated as error.

Our review of the record persuades us that the trial court's efforts to simplify this complex matter, albeit well-intentioned, had the effect of prejudicing the parties and preventing a full and meaningful presentation of the merits of the case. Since the restrictions began before the trial and persisted all the way to judgment, it is necessary that the judgment be reversed and this case be returned to its status in March 1990 when the trial court ordered that no further motions be filed. Given that resolution, it would be inappropriate for this court to address the other issues raised on appeal.

Although it is undoubtedly true that cases of the complexity of this one tax our civil litigation system to its limits, we believe that application of the laws and rules governing the conduct of litigation in the courts of this state is sufficient to provide a fair forum for the resolution of all litigation. The trial court is directed to proceed in accordance with those laws and rules upon the return of the remittitur in this case.

*Judgment reversed. Clarke, C. J., Smith, P. J., Weltner, Bell, Benham, Fletcher, JJ., and Judge William A. Prior, Jr., concur. Hunt, J., disqualified.*

DECIDED MAY 23, 1991.

*King & Spalding, Frank C. Jones, L. Joseph Loveland, Bernard F. Shearon, Jr., Webb, Tanner & Powell, Anthony O. L. Powell,* for Newton Commonwealth Property et al.

*Booth, Wade & Campbell, G. Dean Booth, Allison Wade, L. Dale Owens, Laura E. Stevenson, Ellen G. Schlossberg,* for G + H Montage GmbH.

*Branch, Pike, Ganz & O'Callaghan, James H. Rollins, Melody H. Richardson,* for Irvani.