S12A0665. BAKER v. SCHRIMSHER.

(731 SE2d 646)

BENHAM, Justice.

Erma David Baker ("Husband") and Ivy Baker Schrimsher ("Wife") were divorced in November 1998 by final judgment and decree. A settlement agreement incorporated into the final judgment and decree required Husband to refinance in his name the mortgages for the marital home and the automobile loan for a 1998 Ford Explorer, and required Husband to assume payment on all indebtedness on each piece of property within 60 days.[1] If Husband failed to refinance the vehicle in his name, he was required to transfer ownership, title, and interest in the vehicle to Wife. As to the marital

---

[1] Paragraph seven, subsection "b" of the settlement agreement outlined Husband's obligation as to the vehicle as follows:

Husband shall have ownership and title to the 1998 Ford Explorer under the following conditions. The parties agree that Husband shall be required to refinance or assume the automobile note in his own name no later than sixty (60) days from the date of the execution of this Agreement. The parties agree that Husband shall have use and possession of the 1998 Ford Explorer while he is in the process of refinancing or assuming the automobile note in his own name. When Husband refinances or assumes the automobile note for the 1998 Ford Explorer in his own name, Wife agrees to execute any and all documents required at that time to effect transfer of title to and registration of the 1998 Ford Explorer to Husband. Husband will provide Wife with documentation confirming he has refinanced or assumed the automobile note in his own name within sixty (60) days from the date of the execution of this Agreement. After the execution of this Agreement, Husband agrees to assume and pay all indebtedness on said vehicle . . . and hold Wife harmless for any deficiencies, assessments, or money owed as a result of his failure or unwillingness to pay any present or future lien on the automobile. . . . Should Husband fail to refinance or assume the automobile note for the 1998 Ford Explorer in his own name within sixty (60) days from the date of the execution of this Agreement, then Husband shall grant and convey all of his right, title and interest in said 1998 Ford Explorer to Wife.

residence, Husband was required to list the property for sale if he vacated it within the 60-day time frame.[2] As to both properties, Husband was required to hold Wife harmless and indemnify her from any liability for any indebtedness. Husband failed to meet these obligations and, in March 2002, a default judgment was entered against Wife for the automobile loan in the amount of $12,328.84 and, in June 2009, a payment demand letter was sent to Wife from the mortgage company seeking to collect the outstanding balance of $25,177.44 which was due on the second mortgage.

Wife filed a contempt action in March 2009, and Husband moved to dismiss arguing that, with the passage of almost ten years, the final judgment was dormant pursuant to OCGA § 9-12-60 and that Wife was barred by laches. The trial court held a hearing and denied the motion to dismiss. Upon holding the contempt hearing, the trial court found Husband in wilful contempt and ordered him to pay Wife $37,506.28, the total amount of indebtedness for both properties.[3] Husband then moved for a new trial which, after a hearing, the trial court also denied. We granted Husband's application for discretionary review to determine whether the trial court erred when it denied Husband's motion to dismiss and when it required Husband to pay the full amount of outstanding debt. Because there was no error, the trial court's judgment is affirmed.

1. Husband contends the trial court was required to dismiss the contempt action because the parties' November 1998 divorce decree had become dormant under OCGA § 9-12-60 by the time Wife filed for contempt in March 2009. We disagree. "OCGA § 9-12-60 applies only to judgments or decrees ordering the payment of a sum of money. See

---

[2] Paragraph four of the settlement agreement outlined Husband's obligation as to the former marital residence:

Husband shall receive ownership and title to the residence . . . under the following conditions. Husband agrees to refinance or assume the first and second mortgage associated with the residence into his own name within sixty (60) days of the execution of this Agreement. The parties agree that Husband shall have exclusive use and possession of the residence unless he vacates the residence. If Husband vacates the residence at any time prior to refinancing or assuming the first and second mortgage associated with the residence into his own name, he shall give Wife at least seven (7) days prior advance oral and written notice before he vacates the residence. If Husband vacates the residence at any time within sixty (60) days of the date of the execution of this Agreement, then the parties agree to list the residence for sale immediately.

Husband agrees to assume and pay the indebtedness on the first and second mortgages associated with the residence. . . . Husband agrees to hold Wife harmless for and fully indemnify Wife against any liability connected with the first and second mortgages.

[3] After an initial payment of $12,500, the remainder of the contempt award is to be paid by Husband in monthly installments of $500.

*Brown v. Parks*, 190 Ga. 540 (2) (9 SE2d 897) (1940)." *Mathis v. Hegwood*, 212 Ga. App. 335 (441 SE2d 766) (1994). The dormancy statute does not apply to a judgment that requires the performance of an act or duty. *Collier v. Bank of Tupelo*, 190 Ga. 598 (hn. 2) (10 SE2d 62) (1940). Here, the divorce decree required Husband to perform specific acts and did not involve the payment of a sum of money. Therefore, the dormancy statute is inapplicable to this case. The trial court did not err when it denied Husband's motion to dismiss the contempt action.

2. "[A] trial court has broad discretion to determine if a party is in contempt of its order, and the exercise of that discretion will not be reversed on appeal unless grossly abused. [Cit.]" *Hunter v. Hunter*, 289 Ga. 9 (4) (709 SE2d 263) (2011). Husband contends he is not obligated to pay Wife the full amount of $37,506.28 because he complied with the decree by returning possession of the vehicle to Wife, because the trial court improperly modified the terms of the divorce decree, and because Wife failed to present evidence of her payments on the debts and her efforts to mitigate. A plain reading of the parties' agreement negates all of these arguments. As to the vehicle, the agreement states, "[a]fter the execution of this Agreement, Husband agrees to assume and pay all indebtedness on said vehicle . . . and hold Wife harmless for any deficiencies, assessments, or money owed as a result of his failure or unwillingness to pay any present or future lien on the automobile. . . ." Under these terms, Husband had the obligation to pay the indebtedness on the vehicle and hold Wife harmless regardless of whether he returned the vehicle to her possession. Likewise, as to the marital home, Husband was required to fully indemnify Wife against any indebtedness concerning the first and second mortgages: "Husband agrees to assume and pay the indebtedness on the first and second mortgages associated with the residence. . . . Husband agrees to hold Wife harmless for and fully indemnify Wife against any liability connected with the first and second mortgages." In this case, Wife submitted proof that she had a judgment against her for the automobile loan and proof that the mortgage company was seeking to collect from her the debt on the second mortgage. Since Wife had no obligation to pay the debts under the terms of the decree, she had no obligation to mitigate said debts.[4]

---

[4] Husband's argument that Wife had a duty to mitigate damages pursuant to OCGA § 13-6-5 is otherwise unpersuasive. Wife's "damages" in this case are injuries that occurred from Husband's nonpayment of the debts (i.e., damage to Wife's credit, garnished wages), and not the debts themselves. The trial court did not order Husband to pay Wife's damages, but ordered him to pay the debts for which he was obligated to indemnify Wife under the express terms of the divorce decree.

The trial court's requiring appellant to pay $37,506.28 to Wife was not a modification of the divorce decree or otherwise a gross abuse of discretion because the divorce decree expressly required Husband to hold Wife harmless for any indebtedness on the properties at issue. Accordingly, the trial court's judgment is affirmed.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 10, 2012.

*Hill-MacDonald, Vic B. Hill, Brad E. MacDonald,* for appellant. *Reed Edmondson, Jr.,* for appellee.