**FOURTH DIVISION**
**DOYLE, P. J.,**
**ANDREWS and BOGGS, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**October 12, 2012**

# In the Court of Appeals of Georgia

A12A1146. CLEMENS v. THE STATE.                    DO-044 C

DOYLE, Presiding Judge.

Following a jury trial, Trent D. Clemens was convicted of child molestation. Clemens appeals, arguing that the trial court erred by denying his demurrer, in charging the jury, and by excluding the testimony of his father. Clemens also challenges the sufficiency of the evidence. We affirm, for the reasons that follow.

"On appeal from [Clemens's] criminal convictions, we view the evidence in the light most favorable to the jury's verdict, and [Clemens] no longer enjoys a presumption of innocence. We neither weigh the evidence nor assess witness credibility, which are tasks that fall within the exclusive province of the jury."[1]

---

[1] (Footnotes and punctuation omitted.) *DeLong v. State*, 310 Ga. App. 518, 519-520 (714 SE2d 98) (2011).

So viewed, the record shows that on October 15, 2005, Clemens, his daughter, and his girlfriend, Meshea Webb, went to Thomaston, Georgia to stay with Webb's family. That night, Webb awoke to go to the bathroom and noticed light coming from beneath the closed door in the room where Clemens's daughter and Webb's six-year-old niece, I. M., were sleeping. Webb went into the room to turn off the light, and she saw Clemens, who was naked, on his knees on one of the beds, facing the wall. Webb asked Clemens what he was doing and startled him. When he moved, Webb realized that Clemens had been straddling I. M., who was lying on her stomach, with her shirt pulled up to her shoulder blades and what appeared to be oil on her body.

Clemens told Webb that he wasn't doing anything and told her to go back to sleep, but Webb insisted that he put on his clothes and go outside with her. On the front porch, Webb again asked Clemens what he was doing, and he told her that "he had a sexual addiction and a number of other things." Webb asked him, "Why my niece?" and he replied, "Well, she's not mine." Webb went back inside and confirmed that the girls were still asleep, and she asked her mother to call the police. Webb also put I. M.'s underwear back on the child and wiped the oil off of her body.

Sergeant Stephen O'Linger arrived at the home and spoke to Webb, who relayed her observations to him. Clemens told O'Linger that he decided to masturbate

2

during the night and "felt like the best spot for him to do that was to go into the room where the girls were sleeping." Clemens told another officer, Investigator Tim Ledbetter, that he decided to masturbate in the bedroom where the girls were sleeping because he could not find another place to do so. When asked about the oil found on I. M.'s buttocks, Clemens responded that he must have used too much oil while masturbating. Clemens was arrested and charged with child molestation.

At trial, the State introduced the testimony of Clemens's 13-year-old daughter, A. C., who testified that on April 29, 2006, Clemens penetrated her anus with his penis. Clemens also testified, explaining that he decided to masturbate in I. M.'s bed because he could not find another private place to do so. He conceded that it was a "[p]oor choice," but noted that both girls were asleep at the time.

Clemens was convicted of child molestation and sentenced to serve 20 years. This out-of-time appeal of Clemens's conviction and the denial of his motion for new trial followed.

1. Clemens argues that the trial court erred by denying his motion to quash the indictment on the basis that it did not sufficiently advise him of what he needed to defend against.[2] We disagree.

In the indictment, the State alleged that Clemens

did an immoral and indecent act, to-wit: said accused did straddle over the person of [I. M.] while said accused was naked[,] and said accused did masturbate while straddling over [I. M.], a child under 16 years of age, with intent to arouse and satisfy the sexual desires of said accused, contrary to the laws of said State, the good order, peace[,] and dignity thereof.

OCGA § 16-6-4 (a) (1) provides: "A person commits the offense of child molestation when such person . . . [d]oes any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person."

"The two requirements of an indictment are that it definitively inform the accused of the charges against him, so that he may present his defense and avoid surprises at trial, and that it protect the accused against another prosecution for the same offense. To that end, each

---

[2] Clemens's motion was styled "MOTION TO QUASH, AND GENERAL DEMURRER AND SPECIAL DEMURRER." At the pretrial hearing, the trial court characterized the motion as a motion to quash, denying said motion.

4

count set forth in an indictment must be wholly complete within itself, and plainly, fully, and distinctly set out the crime charged in that count.[3]

[W]hen determining whether an indictment is sufficient to withstand a special demurrer, the applicable standard is not whether [the indictment] could have been made more definite and certain, but whether it contains the elements of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction.[4]

Clemens argues that the indictment failed to specify whether the State charged that Clemens performed an immoral or indecent act to, with, or in the presence of I. M. and that he therefore did not know what allegations he was required to defend against. This argument is without merit. The indictment charged that Clemens masturbated while straddling I. M., which "apprised [Clemens] of the charge against

---

[3] (Footnote and punctuation omitted.) *State v. Corhen*, 306 Ga. App. 495, 496 (700 SE2d 912) (2010).

[4] (Punctuation omitted.) Id. at 497.

him, and when and how it was committed. Accordingly, the indictment was sufficient to withstand a special demurrer."[5]

2. Clemens also alleges that the trial court erred by charging the jury that it could convict him of child molestation if it determined that he committed an indecent act merely in the presence of a child under 16, instead of instructing the jury that it had to prove the material allegation that he masturbated while straddling I. W. This enumeration provides no basis for reversal.

The trial court charged the jury that "[a] person commits the offense of child molestation when that person does an immoral and indecent act in the presence of a child less than 16 years of age with the intent to arouse and satisfy the sexual desires of the person." Clemens argues this charge was error because it omitted any reference to the allegation that he masturbated while straddling I. M.

> It is axiomatic that, in criminal prosecutions, the court's instructions must be tailored to fit the charge in the indictment and the evidence adduced at trial. This is particularly true when the offense charged may be committed in one of several ways, but the indictment charges one specific method. Averments in an indictment as to the specific manner in which a crime was committed are not mere surplusage. Such averments must be proved as laid, or the failure to

---

[5] *Raybon v. State*, 309 Ga. App. 365, 367 (710 SE2d 579) (2011).

prove the same will amount to a fatal variance and a violation of the defendant's right to due process of law. Accordingly, the trial court's instructions must sufficiently limit the jury's consideration to the allegations and elements of the offense as charged in the indictment.[6]

Jury instructions, however, "must be considered as a whole in determining whether the charge contained error."[7]

Here, the trial court read the indictment to the jury at the beginning of the charge, sent the indictment out with the jury, and instructed that the State bore the burden of proving every material allegation of the indictment beyond a reasonable doubt. "[T]aking the charge as a whole, we conclude that a jury of average intelligence would not have been confused by the charge, and that the trial court's charge properly set forth the basis on which the jury was authorized to convict [Clemens] on the count of . . . child molestation."[8]

---

[6] (Citation and punctuation omitted.) *Boatright v. State*, 308 Ga. App. 266, 273 (1) (e) (707 SE2d 158) (2011).

[7] (Punctuation omitted.) *James v. State*, 268 Ga. App. 851, 853 (1) (602 SE2d 854) (2004).

[8] Id., citing *Thomas v. State*, 264 Ga. App. 389, 392 (3) (590 SE2d 778) (2003). See also *Boatright*, 308 Ga. App. at 273 (1) (e); *McClain v. State*, 220 Ga. App. 474, 475 (2) (469 SE2d 756) (1996).

7

3. Clemens contends that the State failed to prove that he masturbated in I. M.'s presence because she was asleep during the entire incident, and therefore, the evidence was insufficient to support his conviction for child molestation. This argument is without merit.

This Court has previously held that "the mere exposure of sexual organs to a child is sufficient evidence of child molestation, and neither physical contact with the child nor the child's actual sight of the sexual organs is required."[9] Clemens's

---

[9] (Punctuation omitted.) *DeLong*, 310 Ga. App. at 520 (1), citing *Rainey v. State*, 261 Ga. App. 888, 889-90 (1) (584 SE2d 13) (2003) (holding that "exposing sexual organs even though the child does not actually see them" is sufficient to support a child molestation conviction).

reliance on authority in other jurisdictions[10] is unpersuasive in light of this clear language.

Here, Webb testified that she saw Clemens naked and kneeling over I. M., who was not wearing underwear and had oil on her body, and that the light was on in the room. And Clemens admitted that he was masturbating in the same twin bed in which I. M. was lying on her stomach. This evidence is sufficient to support his conviction

---

[10] Specifically, Clemens cites *State v. Interiano*, 868 So2d 9, 16 (La. 2004) ("[I]n this case, in furtherance of the legislative purpose of the statute, and taking the language at issue in the context of the statute as a whole, this court holds that in the absence of a physical touching upon the person of the child . . . [Louisiana's statute prohibiting indecent behavior with juveniles] requires the knowing commission of a sexual act such that the child sees or senses that a sexual act is taking place, even if the child is not able to articulate or even comprehend what the offender is doing, for a violation to occur.") (citation omitted); *State v. Werner*, 609 So2d 585, 587 (Fla. 1992) ("Applying the legal as well as the common-sense meaning of the word 'presence' to [Florida's child molestation statute], leads us to the conclusion that, while the child need not be able to articulate or even comprehend what the offender is doing, the child must see or sense that a lewd or lascivious act is taking place for a violation to occur."). Clemens also relies on a case from the U. S. Navy-Marine Corps Court of Military Review. See *U. S. v. Brown*, 39 M.J. 688, 691 (NMCMR 1993) (The offense of committing indecent acts with another requires "some minimal observation or actual participation by another person for the offense of committing indecent acts with another to lie. A sleeping victim does not suffice."). These cases do not persuade us to overrule the Georgia cases cited herein.

for child molestation.[11] The fact that I. M. apparently did not awaken during this incident does not render his conduct any less culpable under Georgia law.[12]

4. Next, Clemens argues that the trial court abused its discretion by excluding the testimony of his father pursuant to OCGA § 17-16-8. This argument is unpersuasive.

OCGA § 17-16-8 (a) provides:

The prosecuting attorney, not later than ten days before trial, and the defendant's attorney, within ten days after compliance by the prosecuting attorney but no later than five days prior to trial, or as otherwise ordered by the court, shall furnish to the opposing counsel as an officer of the court, in confidence, the names, current locations, dates of birth, and telephone numbers of that party's witnesses, unless for good cause the judge allows an exception to this requirement, in which event the counsel shall be afforded an opportunity to interview such witnesses prior to the witnesses being called to testify.

---

[11] See *DeLong*, 310 Ga. App. at 520 (1); *Rainey*, 261 Ga. App. at 889-890 (1).

[12] See *Klausen v. State*, 294 Ga. App. 463, 464-465 (1) (669 SE2d 460) (2008) ("Similarly, the evidence supported a finding that [the defendant] was masturbating while the child was on the sofa with him, and his actions are no less culpable because the child may not have been fully aware of what was occurring."); *Arnold v. State*, 249 Ga. App. 156, 158 (1) (a) (545 SE2d 312) (2001) ("Although the evidence showed that [the defendant] was unsuccessful in his attempt to coax [the child victim] to look at his exposed penis, his conduct is rendered no less culpable by the victim's good judgment in turning her head away.").

10

On August 15, 2006, the State identified several similar transaction witnesses who would testify about unindicted child molestations by Clemens against his daughter, A. C.; one incident occurred in Clayton County in 2005, and the other involved the 2006 anal sodomy in Walton County. Clemens filed a motion in limine to exclude A. C.'s testimony on the basis that the State failed to timely identify her as a witness as required by OCGA § 17-16-1 et seq. The trial court heard Clemens's motion the same day. The trial court excluded evidence regarding the alleged 2005 child molestation incident on the basis that it was not timely disclosed by the State,[13] but the court permitted A. C.'s testimony regarding the 2006 child molestation incident.

On August 28, 2006, the day before trial began, defense counsel provided the State with written notice that it intended to call Clemens's father as a witness. The State objected on the grounds that the witness was not timely identified by the defense. Defense counsel explained that he did not realize until August 28 that the April 29 similar transaction incident against A. C. occurred in Clemens's father's

---

[13] The investigator for the Walton County case testified that he became aware of A. C.'s allegations regarding the 2005 incident in November 2005. The prosecutor advised the trial court that he was not aware of the incident until August 15, 2006, and that he notified defense counsel the same day.

house. When the trial court inquired as to the significance of the father's testimony, defense counsel replied, "I think it establishes what the demeanor of the [A. C.] was the next day around the dad." The trial court then ruled that Clemens's father's testimony would be excluded based on the untimely notice.

On appeal, Clemens argues that the trial court abused its discretion by excluding the testimony of his father. Clemens did not, however, make a proffer of the father's testimony, and therefore, we do not know how he would have testified about the child's demeanor. In the absence of a proffer, we are unable to discern whether the exclusion of the father's testimony was harmful to Clemens. "To prevail on appeal, an appellant must show harm as well as error in the exclusion of evidence."[14] Thus, pretermitting whether the trial court abused its discretion by excluding the testimony of the witness, in light of Clemens's failure to establish harm and the overwhelming evidence, including Clemens's admission that he masturbated in the same bed as the victim, this enumeration presents no basis for reversal.[15]

---

[14] *Henry v. Cherokee County*, 290 Ga. App. 355, 360 (5) (659 SE2d 393) (2008).

[15] See, e.g., *Smith v. State*, 237 Ga. App. 582, 585 (3) (516 SE2d 92) (1999).

5. Finally, Clemens argues that the trial court erred by denying his request to charge the jury on criminal attempt to commit child molestation as a lesser included offense.

"Where, as here, the evidence shows either the commission of the completed offense as charged, or the commission of no offense, the trial court is not required to charge the jury on a lesser included offense."[16]

*Judgment affirmed. Andrews and Boggs, JJ., concur.*

---

[16] *Peebles v. State*, 260 Ga. 430, 432 (4) (396 SE2d 229) (1990).