In the Supreme Court of Georgia

Decided:    May 23, 2016

S16A0534  AMOAKUH v. ISSAKA.

HINES, Presiding Justice.

Eddie Amoakuh ("Father") appeals pursuant to OCGA § 5-6-34 (a) (11) from the trial court's orders finding him in contempt, modifying child custody and child support, and awarding attorney's fees.  For the reasons that follow, we affirm in part, vacate in part, and remand the case to the trial court for further proceedings.

Father and Mariama Issaka ("Mother") were divorced in May 2010; at that time they had three minor children.  Under a 2012 court order modifying the prior child custody arrangement, the two children who were still minors moved to the United Kingdom with Mother, who became their primary physical custodian; Father was granted visitation during the summer months, and at any time he was in the United Kingdom, or in the place of "Mother's residence." Father's child support obligation was set at $150 per month.

In 2014, Mother had become a resident of Ghana; one child was still a minor, and a dispute arose over the logistics regarding the exercise of Father's summer visitation with that child. Father traveled from Ghana to the United States with the child, and entered her in school in Georgia. Mother filed a petition for a finding that Father was in contempt of the 2012 order, and requested that custody of the minor child be modified so that she be sole custodian, and that child support be modified accordingly; Father counterclaimed, seeking a finding that Mother was in contempt of the 2012 order, and a modification of custody to name him the primary physical custodian of the child. After a hearing, the trial court granted Mother's petition and denied Father's requested relief; the court found Father to be in contempt of the 2012 order, and Mother was awarded sole legal and physical custody of the child. The court ruled that Father would have no access to the child's passport and would have the same amount of visitation with the child as under the prior order, but would exercise that visitation in whatever country the child was residing. Father's child support obligation was also raised to $381.00 per month, and Mother was awarded $3,258.47 in attorney's fees and expenses.

1. Father contends that the trial court erred in modifying custody of the

child.

> A petition to change child custody should be granted only if the trial court finds that there has been a material change of condition affecting the welfare of the child since the last custody award. If there has been such a change, then the court should base its new custody decision on the best interest of the child. . . . The evidence sufficient to warrant a modification of custody can consist of a change in material conditions which have a positive effect on the child's welfare as well as changes which adversely affect the child. [Cits.] A trial court faced with a petition for modification of child custody is charged with exercising its discretion to determine what is in the child's best interest. [Cits.]

*Viskup v. Viskup*, 291 Ga. 103, 105 (2) (727 SE2d 97) (2012). There was evidence that Father refused to return the child to Mother after he exercised summer visitation in 2014, prevented the child from communicating with Mother, and enrolled the child in school without Mother's knowledge or consent; the court found that this behavior had caused the child to fear that she would not be returned to Mother. Although Father emphasizes other evidence in the record, the trial court's determination that there had been a material change of conditions is supported by the record, and there is no abuse of the trial court's discretion in concluding that the best interests of the child were served by the new custody arrangement. Id. Contrary to Father's contention, the fact that Mother has moved to Ghana does not indicate that the trial court abused its

3

discretion, nor do the new custody and visitation provisions terminate his parental rights. See *Taylor v. Taylor*, 282 Ga. 113 (fn. 1) (646 SE2d 238) (2007).

2. Father also contends that the trial court erred in finding him to be in contempt of the 2012 order, as well as in failing to find Mother in contempt of that order. Trial courts have "broad discretion to determine if a party is in contempt of its order, and the exercise of that discretion will not be reversed on appeal unless grossly abused." *Baker v. Schrimsher*, 291 Ga. 489, 491 (731 SE2d 646) (2012) (Citations omitted.) Father admits he failed to timely pay all child support, but asserts that his failure to do so was not willful, and that he had no opportunity to pay Mother the amount he was in arrears as to child support until the end of the first day of trial. However, the record amply supports the trial court's conclusion that Father had access to sufficient funds, could have paid the amount due "weeks" earlier than he did, and that his failure to pay child support was "flagrant and willful." Similarly, the evidence supports the trial court's conclusion that Father was in contempt for willfully keeping the child with him after the expiration of his 2014 summer visitation period.

In his counterclaim, Father asserted that Mother should be held in

4

contempt of the 2012 order for failing to provide him with the child's passport, and asserts that the trial court erred in failing to find Mother in contempt in that, and other respects. However, the trial court specifically credited Mother's testimony regarding efforts to renew the child's passport, and Father fails to show any abuse of the trial court's discretion in failing to hold her in contempt. See *Hammond v. Hammond*, 282 Ga. 456, 457 (2) (651 SE2d 95) (2007).

3. The trial court awarded attorney's fees and expenses in connection with the contempt portion of the proceedings. Father contends, inter alia, that the trial court's order fails to meet the requirements of OCGA § 9-15-14. However, the court's order is not premised on OCGA § 9-15-14, but specifically states that the award of attorney's fees is made pursuant to OCGA § 19-6-2, for fees and expenses in connection with the contempt portion of the case. Accordingly, there is no merit to Father's assertions of error under OCGA § 9-15-14.

Nonetheless, Father asserts that, judged under the requirements of OCGA § 19-6-2, the award of attorney's fees is improper because the trial court did not take into account the financial circumstances of the parties. This is correct. In its order finding Father to be in contempt, the trial court requested that Mother

show to the court what portion of the attorney's fees she had requested pertained to the contempt proceedings, which she did. However, in issuing its final order on attorney's fees in connection with the contempt proceedings, the court did not make findings of fact regarding the relative financial circumstances of each party, or otherwise cause the record to show that such had been properly considered. See *McCarthy v. Ashment-McCarthey*, 295 Ga. 231, 233-234 (758 SE2d 306) (2014); *Leggette v. Leggette*, 284 Ga. 432, 433 (2) (668 SE2d 251) (2008). Compare *Hoard v. Beveridge*, ___ Ga. ___, ___ (2) (783 SE2d 629) (2016); *Simmons v. Simmons*, 288 Ga. 670, 673-674 (6) (706 SE2d 456) (2011). Accordingly, the award of attorney's fees in connection with the contempt proceedings must be vacated, and the case must be remanded to the trial court for reconsideration of this issue. *McCarthy*, supra.

Judgment affirmed in part and vacated in part, and case remanded with direction. All the Justices concur.