**SECOND DIVISION**
**DOYLE, C. J.,**
**MILLER, P. J., and REESE, J.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**May 25, 2017**

# In the Court of Appeals of Georgia

A17A0449, A17A0450. LANDRY v. WALSH; and vice versa.

MILLER, Presiding Judge.

In these appeals, Janine Landry and her ex-husband, Daniel Walsh, seek review of several rulings by the trial court arising out of the parties' custody dispute. In Case No. A17A0449, Landry challenges (i) the court's ruling excluding the testimony of a treating psychiatrist during the custody hearing; and (ii) the second of two court orders awarding attorney fees to Walsh. In Case No. A17A0450, Walsh seeks review of the first of the two court orders awarding him attorney fees. For the reasons that follow, we affirm the trial court's evidentiary ruling and reverse both of the attorney fee awards.

The parties' 2011 divorce decree granted joint legal custody of their two minor children to both parties and primary physical custody to Landry. A contemporaneous

settlement agreement incorporated into the divorce decree gave Landry ultimate decision-making authority with respect to the children.

In March 2014, Walsh filed a custody modification petition and motion for contempt, asking the court, in relevant part, to investigate the children's condition and modify custody and visitation as warranted. Over the next year and a half, both parties – as well as the children's psychiatrist – vigorously contested numerous issues primarily concerning the children's medical and psychiatric care. In October 2014, while these disputes were ongoing, Walsh asked to be awarded primary physical custody of the children.

Following a two-day bench trial, the trial court granted Walsh sole legal custody of his children, directed Landry's visitation to be professionally supervised, and ordered her to pay Walsh child support and $4,000.00 in attorney fees under OCGA § 19-6-2 (the "First Fee Award"). Walsh timely moved for a new trial on the issue of attorney fees and also separately moved for attorney fees under OCGA § 9-15-14. Following a hearing on the motion for a new trial and fee request, the trial court awarded Walsh $50,000.00 in attorney fees under OCGA § 9-15-14 (the "Second Fee Award"). These appeals followed.

1. Landry contends that the trial court erred when it ruled that her children's psychiatrist's joint communications with her and the children are privileged and barred the psychiatrist from testifying as an expert at trial on that basis.[1] We discern no reversible error.

Under OCGA § 24-7-702, a witness with specialized knowledge may be qualified to provide expert opinion testimony. "A trial court retains broad discretion

---

[1] Landry's challenge to the trial court's custody ruling is limited to the exclusion of the psychiatrist's testimony – she does not challenge any other ruling upon which the change in custody was based and thus has abandoned any other claims she may have had as to any such rulings. For purposes of appellate jurisdiction, we note that Landry's challenge to the evidentiary ruling necessarily is a challenge to the ensuing substantive custody ruling because, on the facts of this case, the evidentiary ruling is relevant only to the extent that it was a basis for the custody ruling. We therefore have jurisdiction over Landry's appeal under OCGA § 5-6-34 (a) (11) ("[a]ll judgments or orders in child custody cases awarding . . . or modifying child custody" are directly appealable) and over Walsh's cross-appeal under OCGA § 5-6-34 (d) ("Where an appeal is taken under any provision of [OCGA § 5-6-34 (a)], all judgments, rulings, or orders rendered in the case which are raised on appeal and which may affect the proceedings below shall be reviewed and determined by the appellate court, without regard to the appealability of the judgment, ruling, or order standing alone . . . ."). Compare *Voyles v. Voyles*, No. S17A0970, 2017 Ga. LEXIS 225, at *3-4, 6-7 (Apr. 17, 2017) (holding that an appeal from the denial of a motion to set aside a prior order in a child custody proceeding on the ground of inadequate notice of a hearing must be initiated by filing an application for discretionary review under OCGA § 5-6-35 (a) (2) because the issue raised on appeal did not call into question the trial court's custody ruling).

in determining whether to admit or exclude evidence, and an appellate court generally will not interfere with that discretion absent abuse." (Citation and punctuation omitted.) *Thornton v. Hemphill*, 300 Ga. App. 647, 650 (2) (686 SE2d 263) (2009); see *Giannotti v. Beleza Hair Salon, Inc.*, 296 Ga. App. 636, 639 (1) (675 SE2d 544) (2009) (applying same standard to expert testimony). To establish reversible error, a party seeking review of a trial court's ruling excluding testimony must show how the testimony would have benefitted her case. See *Thornton*, supra, 300 Ga. App. at 650 (2); *Tarleton v. Griffin Fed. Sav. Bank*, 202 Ga. App. 454, 455 (2) (b) (415 SE2d 4) (1992) ("An appellant must show harm as well as error to prevail on appeal; error to be reversible must be harmful.") (citation omitted). To make this showing, a party must proffer the excluded testimony to the trial court. See *Thornton*, supra, 300 Ga. App. at 650 (2). Absent such a proffer, we have no basis in the record to disturb the trial court's ruling. See id.; accord *Clemens v. State*, 318 Ga. App. 16, 22 (4) (733 SE2d 67) (2012) (holding that the appellant failed to show how the trial court's exclusion of a witness's testimony harmed his case because, pretermitting any error in the evidentiary ruling, the appellant had not made a proffer of the proposed testimony to the trial court).

4

Before trial, Walsh moved to exclude the testimony of Stuart Davis, M.D., a psychiatrist who had treated the parties' children, on the ground that Dr. Davis's communications with the children and expert opinions regarding them are protected by the psychiatrist-patient privilege.[2] The court heard argument from both parties on Walsh's motion during the custody hearing. When asked why Dr. Davis's testimony was important, Landry responded merely that "he has extremely pertinent information with regard to [Landry]'s ability to parent and their psychological –" at which point the court asked another question. Following additional argument, the court granted Walsh's motion to exclude Dr. Davis's testimony.

Later in the hearing, Landry asked the court to reconsider its ruling excluding Dr. Davis's testimony. She asserted, without elaboration, that Dr. Davis could "speak directly to [the children's] mental state and what would potentially be in their best interest" because he had treated them for approximately two years. The court sustained its earlier ruling. At no point during the parties' argument did Landry seek

_____

[2] As discussed below, Landry has not met her burden of showing how the exclusion of Dr. Davis's testimony harmed her case. Given our conclusion in this regard, we express no opinion on whether either Landry or Walsh was entitled to waive any privilege that may have protected their children's discussions with Dr. Davis.

to proffer the substance of Dr. Davis's proposed testimony on any topic, including the children's mental state or Landry's ability to parent.

Similarly, on appeal, Landry identifies no relevant facts or opinions about which Dr. Davis would have testified. Nor does she explain how such testimony would have benefitted her case. Although Landry briefly lists a handful of categories of purportedly non-privileged information Dr. Davis could have provided – such as unidentified information provided by third parties, the dates of treatment, and prescribed medications – she has identified neither the substance of any such testimony nor how such testimony would have benefitted her case.

Pretermitting the correctness of the trial court's ruling – upon which we express no opinion – absent a proffer of Dr. Davis's proposed testimony, Landry cannot establish prejudice resulting therefrom. See *Clemens*, supra, 318 Ga. App. at 22 (4); *Thornton*, supra, 300 Ga. App. at 650 (2). Consequently, she has not met her burden of showing reversible error in this regard, and we affirm the trial court's ruling on this issue. See *Tolbert v. Toole*, 296 Ga. 357, 363 (3) (767 SE2d 24) (2014) ("It is [the appellant]'s burden, as the party challenging the ruling below, to affirmatively show error from the record on appeal.") (citation omitted).

2. Landry challenges the trial court's Second Fee Award (purportedly made under OCGA § 9-15-14), contending that no evidence of legal fees incurred by Walsh supported the award and that the trial court insufficiently identified the factual and legal bases therefor. We agree.

Under OCGA § 9-15-14 (a), a trial court shall award reasonable and necessary attorney fees where a party has asserted a position that lacked any justiciable issue of law or fact so that it could not reasonably be believed that a court would accept it. Under OCGA § 9-15-14 (b), the trial court may award attorney fees where a party has brought an action or raised a defense that lacked substantial justification, brought an action for delay or harassment, or unnecessarily expanded the proceedings by other improper conduct. We review OCGA § 9-15-14 (a) attorney fee awards under an "any evidence" standard, while OCGA § 9-15-14 (b) awards are reviewed for abuse of discretion. See *Doster v. Bates*, 266 Ga. App. 194, 196-197 (1) & (2) (596 SE2d 699) (2004).

> [W]hen a trial court exercises its discretion in assessing attorney fees and costs of litigation under OCGA § 9-15-14, it is incumbent upon the court to specify the conduct upon which the award is made. Indeed, a judgment devoid of such findings *must* be vacated and the case *must* be remanded for reconsideration. Furthermore, an order awarding attorney

7

fees pursuant to this statute must specifically state whether the award is made under OCGA § 9-15-14 (a) or (b).

(Citations and punctuation omitted.) *Woods v. Hall*, 315 Ga. App. 93, 97 (2) (726 SE2d 596) (2012).

Here, the trial court's order awarding Walsh $50,000.00 in OCGA § 9-15-14 attorney fees neither contains any findings identifying the conduct underlying the award nor identifies the statutory subsection or subsections on which the award is premised. The trial court's oral ruling during the hearing on Walsh's motion for a new trial – in which the trial court stated, without elaboration, that the award was "[b]ased on what we've heard here today and what's gone on before" – likewise sheds no light on these issues.

Ordinarily, we would vacate the award and remand the case for the trial court to reconsider these issues in light of the evidence presented. See, e.g., *Trotman v. Velociteach Project Mgmt., LLC*, 311 Ga. App. 208, 214 (6) (715 SE2d 449) (2011) (concluding that the trial court did not abuse its discretion in deciding to award attorney fees under OCGA § 9-15-14 (b), but vacating and remanding for fact-finding as to how the court had apportioned its lump sum award of $30,000 to fees generated based on sanctionable behavior). Here, however, Walsh presented no evidence

8

identifying any specific fees incurred as a result of any specific sanctionable conduct. Although Walsh's counsel asserted that he had incurred a total of $115,718.72 in attorney fees in this action, counsel introduced no evidence supporting either that initial calculation or counsel's apparently implied assertion that some unidentified portion of that amount was attributable to sanctionable conduct.[3] Walsh's failure to meet his burden requires us to reverse the Second Fee Award. See *Holloway v. Holloway*, 288 Ga. 147, 150 (2) (702 SE2d 132) (2010) (reversing attorney fee award, which was unsupported by "any cogent evidence of the work performed by [the requesting party]'s counsel and the nature thereof"); *Hughes v. Great Southern Midway, Inc.*, 265 Ga. 94, 95-96 (1) (454 SE2d 130) (1995) (reversing attorney fee award where no evidence was presented as to the number of hours spent on the case, the hourly fee charged, or the reasonableness thereof).

---

[3] Even if we were to construe Walsh's counsel's assertion regarding the total fees incurred by Walsh as evidence supporting his fee request, see *Cross v. Cook*, 147 Ga. App. 695, 696 (3) (250 SE2d 28) (1978) ("Attorneys are officers of the court and their statements in their place, if not objected to, serve the same function as evidence"), simply identifying the total attorney fees incurred in an action falls far short of the evidence required to support an OCGA § 9-15-14 fee award. See *Duncan v. Cropsey*, 210 Ga. App. 814, 815-816 (2) (437 SE2d 787) (1993) (reversing an OCGA § 9-15-14 fee award where counsel did not identify the number of hours expended on the case or attributable to sanctionable conduct and did not state that the requested amount of fees was reasonable).

3. Walsh challenges the First Fee Award (purportedly made under OCGA § 19-6-2) contending that (i) he presented no evidence of the actual fees incurred or the reasonableness of those fees; (ii) as a result, the trial court made no findings on these issues; and (iii) the award was not authorized by the statute on which the trial court relied. He maintains, however, that a fee award is warranted here under various other statutes and asks us to remand for an evidentiary hearing on this basis.[4] We agree that the trial court erred in awarding OCGA § 19-6-2 attorney fees but further conclude that Walsh waived a fee request under any other statute.

In divorce and alimony cases, a trial court may award attorney fees under OCGA § 19-6-2 (a) (1), after "consider[ing] the financial circumstances of both parties." Thus, "findings of fact regarding the relative financial circumstances of each party" are prerequisites to an award under OCGA § 19-6-2. *Amoakuh v. Issaka*, 299 Ga. 132, 134 (3) (786 SE2d 678) (2016). We review a trial court's decision whether

---

[4] A party generally may not appeal a ruling that benefitted him or her. See, e.g., *Smith v. Stacey*, 281 Ga. 601, 602 (1) (642 SE2d 28) (2007). Here, however, it is readily apparent from the record that Walsh's challenges to the First Fee Award necessarily entail an implicit claim that the fee award was inadequate.

10

to award OCGA § 19-6-2 attorney fees for abuse of discretion. See *Hoard v. Beveridge*, 298 Ga. 728, 730 (2) (783 SE2d 629) (2016).

Here, pretermitting whether an OCGA § 19-6-2 fee award was statutorily available in this case, the evidence did not support such an award, as Walsh presented no evidence as to the parties' relative financial circumstances for purposes of such an award.[5] Consequently, the trial court abused its discretion by awarding fees under this statute. See OCGA § 19-6-2 (a) (1); *Amoakuh*, supra, 299 Ga. at 134 (3). To the extent that Walsh may have been entitled to an attorney fee award under any other statute, he waived any such claim by failing to bring such a request to the trial court's attention. See *Employees Retirement System of Ga. v. Baughman*, 241 Ga. 339, 341 (3) (245 SE2d 282) (1978) (a claim abandoned before the trial court presents nothing for this Court to review); *9766, LLC v. Dwarf House, Inc.*, 331 Ga. App. 287, 291 (4) (b) (771 SE2d 1) (2015) ("This court is for the correction of errors, and where the trial court has not ruled on an issue, we will not address it.") (citation and punctuation

---

[5] The trial court's findings that Walsh earned $6,666.00 per month and that Landry was unemployed – made in the context of addressing child support – certainly do not support a fee award in favor of Walsh based on "the relative financial circumstances of each party." See *Amoakuh*, supra, 299 Ga. at 134 (3); see also *Cason v. Cason*, 281 Ga. 296, 300 (3) (637 SE2d 716) (2006) (the purpose of an OCGA § 19-6-2 fee award is to ensure effective representation of both parties in cases arising out of a divorce).

omitted). In fact, Walsh invited the very error of which he complains when his own counsel drafted the order awarding OCGA § 19-6-2 attorney fees. See *Hargett v. Dickey*, 304 Ga. App. 387, 389 (2) (696 SE2d 335) (2010) ("In the absence of fraud or mistake, a party cannot complain of a judgment, order, or ruling that his own conduct produced or aided in causing.") (citation and punctuation omitted). Consequently, we reverse the trial court's OCGA § 19-6-2 fee award.

*Judgment affirmed in part and reversed in part in Case No. A17A0449. Judgment reversed in Case No. A17A0450. Doyle, C. J., and Reese, J., concur.*