**THIRD DIVISION**
**DOYLE, P. J.,**
**REESE, J., and SENIOR APPELLATE JUDGE PHIPPS**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**July 20, 2022**

# In the Court of Appeals of Georgia

A22A0718. SKELTON v. SKELTON.

PHIPPS, Senior Appellate Judge.

In this child custody dispute, plaintiff Mikal Skelton appeals from the trial court's order granting in part the petition filed by the defendant, Mikal's ex-husband Jason Skelton, seeking to modify custody and to hold Mikal in contempt of a custody provision in the parties' divorce decree. Mikal contends on appeal that the trial court erred by imposing arbitrary time limits on the presentation of evidence during the final hearing in this case, pursuant to which the court limited her cross-examination of Jason and barred her from presenting the testimony of one of her proposed witnesses. Because Mikal has identified no prejudice she suffered due to the trial court's rulings, we discern no reversible error and affirm.

The parties were divorced in 2018, and they have one minor child, C. S., born in 2015. Their divorce decree incorporated a settlement agreement and parenting plan, pursuant to which the parties shared joint legal custody of C. S., with primary physical custody resting in Mikal. The parenting plan also contained detailed visitation provisions. Because Jason suffers from epilepsy, the parenting plan required his visits with C. S. to be supervised, prohibited him from consuming alcohol within four hours of any visits, and required him to report all seizure activity to Mikal within twenty-four hours.

In September 2020, Mikal filed a petition to modify custody and visitation, alleging, inter alia, that Jason had placed C. S. in danger in several ways, including by engaging in unsupervised visits, consuming alcohol during visits, failing to report seizures, and driving with the child while at risk for seizures. She requested, inter alia, sole legal and physical custody. Mikal subsequently filed a motion seeking to hold Jason in contempt of several divorce decree provisions, including those governing visitation.

In November 2020, Jason filed a petition seeking to modify custody, alleging that his visits no longer required supervision due to various factors, including his

improved health, and requesting joint physical custody. He also sought to have Mikal held in contempt for violating several provisions in the parties' divorce decree.

The two custody cases proceeded to a joint hearing in May 2021, following which the trial court entered the order at issue in this appeal in October 2021.[1] Among other things, the court denied the parties' requests to modify custody, but modified the parties' visitation, in relevant part, by discontinuing the supervision requirement for Jason's visitation. The court also found Mikal in contempt for violating Jason's visitation rights, and, as a remedy, awarded Jason two additional weeks of summer visitation for the next five years. Finally, the court found Jason in contempt for failing to pay his share of uninsured medical expenses, which the court ordered him to pay upon proof of balances after any insurance coverage. This appeal followed.

1. Mikal first contends that the trial court erred by imposing arbitrary time limits on the presentation of evidence during the final hearing and by prematurely terminating her cross-examination of Jason as a result of those limits. We discern no reversible error.

---

[1] The reasons for the delay between the hearing and order are not immediately apparent on the face of the record on appeal.

It appears that, at some point before the final hearing began, the trial court informed the parties that each side would have 75 minutes to present their case during the hearing. At the beginning of Mikal's counsel's cross-examination of Jason, the court stated, without elaboration, "2 minutes, 29 seconds." Three transcript pages later, the court informed Mikal's counsel that she had "used up [her] time." When counsel asked for more time on the ground that "it's important for parties to be able to have a full opportunity to be heard," the court responded, "Is there anything else, [counsel]? I'm not going to argue with you —" Counsel objected, noting that she had another witness to call and that she had not completed her cross-examination of Jason. The trial court implicitly overruled the objection by allowing Jason's counsel to conduct re-direct examination.

The statutory provision primarily at issue here, OCGA § 24-6-611 (b), provides, "[A] witness may be cross-examined on any matter relevant to any issue in the proceeding. The right of a thorough and sifting cross-examination shall belong to every party as to the witnesses called against the party." In that vein,

> [t]he long-standing Georgia rule is that the right of cross-examination is a substantial right, the preservation of which is essential to the proper administration of justice and extends to all matters within the knowledge of the witness, the disclosure of which is material to the controversy.

4

This right should not be abridged. It is the duty of the court both to protect a witness under cross-examination from being unfairly dealt with, and to allow a searching and skillful test of his intelligence, memory, accuracy and veracity. As a general rule, it is better that cross-examination should be too free than too much restricted. The right of cross-examination in this state includes questioning a witness about subjects relevant to any of the issues in the case, not simply those matters elicited on direct examination.

*R. C. Acres v. Cambridge Faire Properties*, 331 Ga. App. 762, 768 (2) (771 SE2d 444) (2015) (citation and punctuation omitted).

Nevertheless, "[a] trial court retains broad discretion in determining whether to admit or exclude evidence, and an appellate court generally will not interfere with that discretion absent abuse." *Thornton v. Hemphill*, 300 Ga. App. 647, 650 (2) (686 SE2d 263) (2009) (citation and punctuation omitted); see also OCGA § 24-6-611 (a) (granting courts the authority to "exercise reasonable control" over the presentation of evidence to effectuate the ascertainment of truth, "[a]void needless consumption of time," and "[p]rotect witnesses from harassment or undue embarrassment"). In that regard, "[t]o establish reversible error, a party seeking review of a trial court's ruling excluding testimony must show how the testimony would have benefitted her case." *Landry v. Walsh*, 342 Ga. App. 283, 285 (1) (801 SE2d 553) (2017); see *Thornton*,

300 Ga. App. at 650 (2); *Tarleton v. Griffin Fed. Sav. Bank*, 202 Ga. App. 454, 455 (2) (b) (415 SE2d 4) (1992) ("An appellant must show harm as well as error to prevail on appeal; error to be reversible must be harmful."). Thus, "even if a trial court errs by imposing unwarranted limits on the trial of a case, there is no reversible error unless the appellant can show harm resulting from the court's action." *Muskett v. Sketchley Cleaners*, 297 Ga. App. 561, 564 (4) (677 SE2d 731) (2009). "To make this showing, a party must proffer the excluded testimony to the trial court." *Landry*, 342 Ga. App. at 285 (1); see *Thornton*, 300 Ga. App. at 650 (2). Absent such a proffer, we have no basis in the record to disturb the trial court's ruling. See *Thornton*, 300 Ga. App. at 650 (2); *CRS Sirrine v. Dravo Corp.*, 213 Ga. App. 710, 715 (1) (445 SE2d 782) (1994) (rejecting a claim that the trial court erred by imposing limits on the time a party had to present its case and cross-examine witnesses, on the ground that, because the complaining party made no offer of proof of the evidence it was prevented from introducing, there was no basis to conclude that the time limits prejudiced the party); accord *Landry*, 342 Ga. App. at 284-286 (1) (holding that the appellant failed to show how the trial court's exclusion of a witness's testimony harmed her case because, pretermitting any error in the evidentiary ruling, she had not

6

made a proffer of the proposed testimony to the trial court); *Clemens v. State*, 318 Ga. App. 16, 22 (4) (733 SE2d 67) (2012) (same).

During the hearing in this case, Mikal did not seek to proffer any evidence that was excluded because of the trial court's time limitations. And in her appellate brief, she likewise neither identifies the substance of any evidence she could not present nor explains how any such evidence likely would have changed any of the trial court's rulings. Consequently, pretermitting whether the trial court properly acted within its authority when it enforced time limits on the presentation of evidence in this case, absent a proffer of the excluded testimony, Mikal cannot establish prejudice resulting therefrom.[2] See *Landry*, 342 Ga. App. at 284-286 (1); *Clemens*, 318 Ga. App. at 22

---

[2] We are highly skeptical of the proposition that a trial court is authorized to impose the inflexible time limits enforced in this case. See, e.g., *Ballard v. Meyers*, 275 Ga. 819, 822 (572 SE2d 572) (2002) (observing that the "subordination of the discovery of the truth to a mere procedural device is erroneous"); *CRS Sirrine*, 213 Ga. App. at 714 (1) ("Obviously, parties are not entitled to present their cases *ad infinitum* but neither may the trial court impose limits on the trial of the case which have the effect of excluding relevant, non-cumulative evidence simply because it delays the conclusion of the trial."); see also generally *Newton Commonwealth Property v. G + H Montage GmbH*, 261 Ga. 269, 269-270 (404 SE2d 551) (1991) (holding that the imposition of various limits in a complex business dispute — including a time limit on the presentation of evidence — was reversible error where it had "the effect of prejudicing the parties and preventing a full and meaningful presentation of the merits of the case"). This is especially so in a child custody proceeding, which is not a traditional adversarial proceeding, but is an action in which the best interests of the children — rather than those of the parents — are

(4); *Thornton*, 300 Ga. App. at 650 (2). She therefore has not met her burden of showing reversible error in this regard, and we affirm the trial court's ruling on this issue. See *Tolbert v. Toole*, 296 Ga. 357, 363 (3) (767 SE2d 24) (2014) ("It is [the appellant's] burden, as the party challenging the ruling below, to affirmatively show error from the record on appeal.").

2. Mikal further contends that, as a result of the trial court's arbitrary time limits, the court erred by barring her from calling a material witness. As is the case with her first enumeration of error, however, Mikal did not seek to proffer the substance of the testimony of the witness who was excluded because of the trial court's time limitations. And in her appellate brief, she again neither identifies the substance of such evidence nor explains how it would have changed any of the trial

---

paramount. See *Baldwin v. Baldwin*, 265 Ga. 465, 465-466 (458 SE2d 126) (1995) (in making child custody determinations, the trial court's "primary duty" is to determine solely what is in the child's best interest and will best promote the child's welfare and happiness); see also OCGA § 19-9-3 (a) (2); accord *Scott v. Scott*, 276 Ga. 372, 373 (578 SE2d 876) (2003) ("The best interests of the child are controlling as to custody changes."). We also note, however, that the parties' appellate briefs shed no light on the circumstances under which the time limits imposed by the trial court in this case came to be. Absent such background information (including whether either party objected to or acquiesced in the time limits when the court first imposed them) — and given Mikal's failure to make any showing as to prejudice — we leave for another day a decision on a court's authority to impose such time limits under the circumstances presented here.

court's rulings. For the reasons stated in Division 1, above, this enumeration of error thus also provides no basis for reversal.

*Judgment affirmed. Doyle, P. J., and Reese, J., concur*.