# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-41008

United States Court of Appeals
Fifth Circuit

**FILED**

July 11, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

      Plaintiff - Appellee

v.

TOMAS PUGA-YANEZ, also known as Thomas Puga,

      Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas

Before KING, JOLLY, and ELROD, Circuit Judges.

PER CURIAM:

Tomas Puga-Yanez ("Puga-Yanez") appeals his sentence. Puga-Yanez contends that the district court committed reversible error by applying a sixteen-level sentencing enhancement based on his prior conviction of child molestation. For the reasons that follow, we AFFIRM Puga-Yanez's sentence.

I.

Puga-Yanez, without a plea agreement, pled guilty to being an alien who knowingly and unlawfully entered and was found in the United States following deportation, in violation of 8 U.S.C. § 1326(a) and (b).

His presentence report ("PSR") recommended, in part, a sixteen-level sentencing enhancement under § 2L1.2(b)(1)(A)(ii) for having been previously

No. 15-41008

deported after a conviction for a "crime of violence," based on a 2005 Georgia felony conviction for child molestation. Including the enhancement, Puga-Yanez's total calculated offense level was 21 (with criminal history category of III), which resulted in an advisory guideline range of 46 to 57 months.[1]

Puga-Yanez filed a written objection to the PSR, arguing that the district court erred by determining that his prior conviction qualified as an enumerated offense ("sexual abuse of a minor") under § 2L1.2(b)(1)(A)(ii), because the Georgia statute under which he was convicted, Ga. Code Ann. § 16-6-4(a), was "broader than the contemporary[,] generic meaning of sexual abuse of a minor." Consequently, Puga-Yanez argued that § 16-6-4(a) "proscribe[d] immoral or indecent acts committed in front of a minor [and] include[d] many things that fall outside the umbrella of sexual abuse of a minor." Thus, Puga-Yanez argued, the district court erred in applying the sixteen-level "crime of violence" enhancement to his sentence.[2] The district court overruled Puga-Yanez's objections and sentenced him to 48 months of imprisonment.

Puga-Yanez appealed his sentence to this Court, arguing that the district court erred by applying the "crime of violence" enhancement—based on its determination that Puga-Yanez's 2005 conviction for child molestation under § 16-6-4(a) constituted the "sexual abuse of a minor" under § 2L1.2.

## II.

"Where a defendant preserves error by objecting at sentencing, we review the sentencing court's factual findings for clear error and its

---

[1] Puga-Yanez was sentenced under the 2014 United States Sentencing Guidelines.

[2] At his sentencing hearing, Puga-Yanez also argued that our prior opinion in *United States v. Olalde-Hernandez*, 630 F.3d 372 (5th Cir. 2011), in which we interpreted § 16-6-4(a), was not dispositive because the defendant in that case made no attempt to support his contention that the statute did not qualify as "sexual abuse of a minor." Puga-Yanez argued, therefore, that the panel in *Olalde-Hernandez* was not squarely presented with the issues he raised.

interpretation or application of the Sentencing Guidelines de novo." *United States v. Gomez-Alvarez*, 781 F.3d 787, 791 (5th Cir. 2015). Furthermore, under this standard, we "review de novo whether a prior conviction qualifies as a crime of violence within the meaning of the Guidelines." *United States v. Rodriguez*, 711 F.3d 541, 548 (5th Cir. 2013) (en banc).

## III.

As we have said, Puga-Yanez argues that the district court erred by enhancing his sentence because the Georgia child molestation statute proscribes conduct that is broader than conduct proscribed by "sexual abuse of a minor" under the Guidelines. Accordingly, Puga-Yanez contends that because the Georgia statute is broader, *categorically*, than § 2L1.2(b)(1)(A)(ii), enhancement under § 2L1.2(b)(1)(A)(ii) should not apply to his sentence.[3]

We have addressed the identical Georgia statute in *United States v. Olalde-Hernandez*, 630 F.3d 372 (5th Cir. 2011), and held that it reflects the generic crime of "sexual abuse of a minor" and thus constitutes a crime of violence under the Guidelines. Puga-Yanez, however, offers two principal arguments to support his claim. First, Puga-Yanez contends that because he presents more detailed arguments than those presented to the panel in *Olalde-Hernandez*, *Olalde-Hernandez* is not binding precedent for this appeal.[4] Second, Puga-Yanez contends that *Olalde-Hernandez* has been superseded by

---

[3] As a preliminary matter, under our case law, Puga-Yanez, convicted of illegal reentry, would be subject to a sixteen-level sentencing enhancement under the Guidelines if convicted of a "crime of violence" prior to his original deportation. *See Rodriguez*, 711 F.3d at 548 (citing U.S.S.G. § 2L1.2(b)(1)(A)(ii)).

[4] *See Thomas v. Texas Dep't of Criminal Justice*, 297 F.3d 361, 370 n.11 (5th Cir. 2002) ("Where an opinion fails to address a question squarely, we will not treat it as binding precedent.") (citation omitted).

No. 15-41008

intervening case law from the appellate courts of Georgia and should be revisited, citing *Clemens v. State*, 733 S.E.2d 67 (Ga. Ct. App. 2012).[5]

### A.

Turning to his first argument, Puga-Yanez contends that this appeal is not controlled by our precedent in *Olalde-Hernandez* because the appellant in that case did not specifically argue that the conduct proscribed by § 16-6-4(a) failed to satisfy the three elements we have required for the "sexual abuse of a minor" under § 2L1.2(b)(1)(A)(ii). We take this point as true; but, notwithstanding this argument, in *Olalde-Hernandez* we nevertheless analyzed the conduct at issue and determined that it satisfied, entirely, the requirements of § 2L1.2(b)(1)(A)(ii). *See Olalde-Hernandez*, 630 F.3d at 373–75 and n.1. In short, we addressed the *exact argument* that Puga-Yanez makes before us, and denied the relief he seeks in this appeal.

Consequently, Puga-Yanez cannot avoid the precedential effect of *Olalde-Hernandez* by presenting a more detailed argument than the unsuccessful one presented in an otherwise identical challenge.

### B.

Turning to his second argument, Puga-Yanez contends that *Olalde-Hernandez* should be revisited. He argues that the scope of Ga. Code Ann. § 16-6-4(a) has evolved since *Olalde-Hernandez*, and the statute now has been

---

[5] Puga-Yanez also argues that *Olalde-Hernandez* was wrongly decided *at the time* the opinion was issued, based on an erroneous interpretation of Georgia case law. Under our precedent, however, this argument is meritless. *See, e.g.*, *Robinson v. J & K Admin. Mgmt. Servs., Inc.*, 817 F.3d 193, 197 (5th Cir. 2016) ("It is a well-settled Fifth Circuit rule of orderliness that one panel of our court may not overturn another panel's decision, absent an intervening change in the law, such as by a statutory amendment, or the Supreme Court, or our *en banc* court. Indeed, even if a panel's interpretation of the law appears flawed, the rule of orderliness prevents a subsequent panel from declaring it void.") (citation omitted); *Lozovyy v. Kurtz*, 813 F.3d 576, 580 (5th Cir. 2015) ("'To the extent that a prior panel of this Circuit has ruled on [a state law] issue and has not been superceded [sic] by either [state] case law or a change in statutory authority,' we are also 'bound by the prior decisions of this Circuit as to the meaning of [state] law.'") (citation omitted).

No. 15-41008

interpreted by Georgia courts to have a broader meaning than the generic understanding of the crime reflected in the Guidelines.

To determine the merits of this argument, we first turn to our definition of the "sexual abuse of a minor" under the Guidelines. As we noted in *Rodriguez*, the meaning of "sexual abuse of a minor" is unclear from the plain language of § 2L1.2; furthermore, it is also not defined at common law. *Rodriguez*, 711 F.3d at 558–59. Thus, we derive the meaning of "sexual abuse of a minor" from its "generic, contemporary meaning," i.e., "the common usage of [that term] as stated in legal and other well-accepted dictionaries." *Id.* at 559. And, when determining whether conduct criminalized under a state statute qualifies as the "sexual abuse of a minor" under § 2L1.2(b)(1)(A)(ii), we focus on three components: (1) whether the conduct involved a minor victim; (2) whether the conduct was "sexual" in nature; and (3) whether the conduct was "abusive." *See, e.g., United States v. Najera-Najera*, 519 F.3d 509, 511 (5th Cir. 2008) (citation omitted).[6]

Then, we "look to the elements of the state statute of conviction and evaluate whether those elements comport with the generic meaning of the enumerated offense category." *Rodriguez*, 711 F.3d at 552–53. Here, for example, we juxtapose the elements of Ga. Code Ann. § 16-6-4(a) and the generic meaning of "sexual abuse of a minor" under § 2L1.2(b)(1)(A)(ii).[7] If we

---

[6] For the purposes of this appeal Puga-Yanez challenges only the third prong—whether the conduct was abusive. Puga-Yanez, however, also argues, parenthetically, that because § 16-6-4(a) applies only to victims under age 16, and thus has no age differential requirement, it is categorically broader than the generic definition of "sexual abuse of a minor," which requires the victim to be under the age of 16 *and* that there be at least a four-year age differential between the perpetrator and the victim. Puga-Yanez concedes, however, that this argument is foreclosed by our en banc court's opinion in *Rodriguez*, 711 F.3d at 562 n.28.

[7] We interpret § 2L1.2 as a matter of federal case law, and then, of course, look to the decisions of Georgia courts that have interpreted § 16-6-4(a). *See United States v. Martinez-Flores*, 720 F.3d 293, 297 (5th Cir. 2013) ("Although it is a question of federal law whether

find that § 16-6-4(a) "encompasses prohibited behavior that is not within the plain, ordinary meaning of the enumerated offense, [then] the conviction is not a crime of violence as matter of law," and enhancement under § 2L1.2(b)(1)(A)(ii) would be precluded. *United States v. Hernandez-Rodriguez*, 788 F.3d 193, 196 (5th Cir. 2015) (citation omitted).

As noted above, we recently engaged in this analysis in *Olalde-Hernandez* and found that § 16-6-4(a) and the generic crime of "sexual abuse of a minor" under § 2L1.2(b)(1)(A)(ii) are compatible. We held that a conviction under § 16-6-4(a) qualifies as a crime of violence under the Guidelines, because the conduct prohibited by § 16-6-4(a) "involves taking undue or unfair advantage of the minor." *Olalde-Hernandez*, 630 F.3d at 375 (quoting *United States v. Izaguirre-Flores*, 405 F.3d 270, 275–76 (5th Cir. 2005) (holding that "[t]aking indecent liberties with a child to gratify one's sexual desire constitutes 'sexual abuse of a minor' because it involves taking undue or unfair advantage of the minor.") (emphasis added) (citations omitted).

Thus, for Puga-Yanez to prevail, he must identify post-*Olalde-Hernandez* case law demonstrating that Georgia courts have extended the reach of § 16-6-4(a) to criminalize conduct that is not proscribed under the generic meaning of "sexual abuse of a minor" under § 2L1.2(b)(1)(A)(ii).[8]

To meet his burden, Puga-Yanez points to *Clemens v. State*, 733 S.E.2d 67 (Ga. Ct. App. 2012). Puga-Yanez argues that *Clemens* holds that § 16-6-4(a) is violated even in circumstances in which the minor is "completely unaware of the sexually motivated act, the actor's sexual purpose, and the actor's

---

an offense constitutes a crime of violence under § 2L1.2, 'we look to state law to determine [the offense's] nature and whether its violation is a crime of violence under federal law.'").

[8] *See, e.g.*, *Hernandez-Rodriguez*, 788 F.3d at 196 (stating that, if § 16-6-4(a) "encompasses prohibited behavior that is not within the plain, ordinary meaning of ["sexual abuse of a minor, then] the conviction is not a crime of violence as matter of law") (citation omitted).

presence." Puga-Yanez argues that under *Clemens*, § 16-6-4(a) reaches conduct that need not result in psychological or physical harm to a minor; that is, it extends beyond the generic, contemporary meaning of the "sexual abuse of a minor" under § 2L1.2(b)(1)(A)(ii) and our case law, which we have referenced above. We think, however, Puga-Yanez reads *Clemens* too broadly and our case law too narrowly.

Specifically, the defendant in *Clemens* was found to have been masturbating, naked and kneeling, while straddling a six-year-old child, "who was not wearing underwear[,] had oil on her body," and was asleep in her twin-size bed. *See Clemens*, 733 S.E.2d at 70–71. Moreover, these acts were seen by the child's aunt as they occurred in plain sight in a well-lit room. *Id.* at 71. The Georgia Court of Appeals held that the defendant's conduct constituted the sexual molestation of a child under § 16-6-4(a) because it occurred in the child's presence.[9] *Id.*

And, as we have previously held, "[g]ratifying or arousing one's sexual desires in the actual or constructive presence of a child" qualifies as the "sexual abuse of a minor" under § 2L1.2(b)(1)(A)(ii) of the Guidelines. *See Izaguirre-Flores*, 405 F.3d at 275. Puga-Yanez correctly points out that we have noted whether a minor suffered physical or psychological harm as a result of the defendant's abuse in past cases. *See, e.g.*, *Izaguirre-Flores*, 405 F.3d at 275–76. However, we have not, as Puga-Yanez suggests, held that a minor suffering harm is an element of the generic offense of "sexual abuse of a minor." "Indeed,

---

[9] *See also Prophitt v. State*, 784 S.E.2d 103, 106 (Ga. Ct. App. 2016) ("Moreover, in [] *Clemens* . . . we held that even though the alleged victim was or may have been unaware of the defendant's inappropriate conduct, that fact did not take the defendant outside of the child's presence. Instead, we found that the presence element was satisfied because the evidence showed that the defendant was aware of the child's physical proximity to him and proceeded to engage in the inappropriate conduct either in spite of *or because of* the child's presence.") (emphasis added) (citing *Clemens*, 733 S.E.2d at 71).

this court has established a per se rule that gratifying or arousing one's sexual desires in the presence of a child is abusive because it involves taking undue or unfair advantage of the minor." *United States v. Cortez-Cortez*, 770 F.3d 355, 358 (5th Cir. 2014). Thus, harm to the minor is not an element of the generic crime of "sexual abuse of a minor," even though, as we have previously noted, the minor often suffers either physical or psychological harm as result of the defendant's conduct.[10]

We therefore reject Puga-Yanez's argument that the abhorrent conduct of the defendant in *Clemens*, with the presence of the child as the object of his gratification, falls outside what we have considered to be the "sexual abuse of a child" under the Guidelines.[11] Consequently, Puga-Yanez's categorical challenge fails.

Thus, we hold that *Clemens* does not prohibit conduct that is otherwise permitted under our interpretation of § 2L1.2, nor does it alter our reading of Ga. Code Ann. § 16-6-4(a) or require us to reconsider our holding in *Olalde-Hernandez*.

---

[10] The absence of "harm to the minor" as an element of the generic crime is consistent with the generic definitions of "sexual abuse of a minor" used by other circuits that this court has previously cited with approval. For example, neither the Fourth Circuit nor Eleventh Circuit requires that the minor be aware of the abuse, much less that the minor suffer harm. *See, e.g.*, *United States v. Perez-Perez*, 737 F.3d 950, 954 (4th Cir. 2013) ("[O]ur definition of the Guideline crime . . . [does not] require[] . . . the victim's awareness or knowledge of the defendant's presence."); *United States v. Ramirez-Garcia*, 646 F.3d 778, 782 (11th Cir. 2011) ("[Because] '[m]isuse' or 'maltreatment' are expansive words that include many different acts . . . [the generic] definition does not limit 'sexual abuse of a minor' to instances . . . where the minor is aware of the abuse, or where the perpetrator makes contact with the minor.").

[11] *See, e.g.*, *United States v. Balderas-Rubio*, 499 F.3d 470, 473 (5th Cir. 2007) ("[T]he phrase 'sexual abuse of a minor' is defined broadly to include not only those crimes that involve sexual contact with a minor but also those crimes that involve sexual conduct in the presence of a minor."); *cf. United States v. Martinez-Vega*, 471 F.3d 559, 562 (5th Cir. 2006) ("If gratifying one's sexual desires while in the presence of a minor constitutes sexual abuse of a minor, then sexual assault of a child certainly constitutes sexual abuse of a minor.")

No. 15-41008

## IV.

In sum, we find that the district court's application of § 2L1.2(b)(1)(A)(ii) does not constitute error.  The district court's judgment imposing a sentence of 48 months based on § 2L1.2(b)(1)(A)(ii) is

AFFIRMED.