# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-50670

United States Court of Appeals
Fifth Circuit

**FILED**
September 28, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

 Plaintiff - Appellee

v.

EDUARDO CRUZ-DE JESUS,

 Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:14-CR-2256-1

Before JOLLY, BARKSDALE and SOUTHWICK, Circuit Judges.

PER CURIAM:*

 Eduardo Cruz-de Jesus challenges the district court's application of a 16-level sentencing enhancement based on his previous conviction of child molestation under Washington state law. We affirm, because the Washington conviction is a "crime of violence" for the purposes of U.S.S.G. § 2L1.2(b)(1)(A)(ii) and is a "felony" within the meaning of that term in the Sentencing Guidelines.

---

 * Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 15-50670

## I.

Cruz-de Jesus pleaded guilty to entering the United States in violation of 8 U.S.C. § 1326(a) and (b).  The district court imposed a 16-level sentencing enhancement under § 2L1.2(b)(1)(A)(ii) because Cruz-de Jesus was deported in 2012 after a felony conviction for a crime of violence.  The state conviction prior to his deportation was for child molestation in the third degree under Washington Revised Code § 9A.44.089.  A total offense level of 21 and a criminal history category of V gave rise to a guidelines range of 70 to 87 months of imprisonment.  Cruz-de Jesus challenges the sentencing enhancement, arguing first that the state offense of child molestation is not a crime of violence and, second, that the offense is not a "felony" because it is not punishable by a term exceeding one year.

## II.

## A.

In the district court, Cruz-de Jesus objected to the classification of the Washington child molestation conviction as a crime of violence.  He contends that the Washington child molestation statute is broader than the generic definition of "sexual abuse of a minor" because the statute does not include an element of physical or psychological harm to the minor and therefore does not constitute "abuse" within the meaning of "sexual abuse of a minor."  We review de novo the question of whether an offense constitutes a crime of violence under the Guidelines.  *United States v. Munoz-Gonzalez*, 812 F.3d 439, 441–42 (5th Cir. 2016).

## B.

The application notes to § 2L1.2 of the Sentencing Guidelines define a crime of violence as any one of several enumerated offenses, including "sexual abuse of a minor." U.S.S.G. § 2L1.2, cmt. 1(B)(iii).  Courts generally apply a categorical approach when classifying prior convictions for sentence

2

No. 15-50670

enhancement purposes. *See Taylor v. United States*, 495 U.S. 575, 602 (1990). In analyzing a conviction under the categorical approach, the court considers "the elements of the statute of conviction rather than a defendant's specific conduct." *United States v. Rodriguez*, 711 F.3d 541, 549 (5th Cir. 2013) (en banc). If the statute extends beyond the generic definition of an offense to encompass behavior that is not within the "plain, ordinary meaning of the enumerated offense, the conviction is not a crime of violence as a matter of law." *United States v. Esparza-Perez*, 681 F.3d 228, 230 (5th Cir. 2012) (quoting *United States v. Fierro-Reyna*, 466 F.3d 324, 327 (5th Cir. 2006)). Furthermore, if the court finds "'a realistic probability, *not a theoretical possibility*, that the State would apply its statute to conduct that falls outside the generic definition of the crime,' then it cannot use the state conviction to enhance." *United States v. Albornoz-Albornoz*, 770 F.3d 1139, 1141 (5th Cir. 2014) (quoting *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007)).

The Washington statute under which Cruz-de Jesus was previously convicted is Section 9A.44.089 of the Washington Revised Code. The statute defines child molestation in the third degree as follows:

> A person is guilty of child molestation in the third degree when the person has, or knowingly causes another person under the age of eighteen to have, sexual contact with another who is at least fourteen years old but less than sixteen years old and not married to the perpetrator and the perpetrator is at least forty-eight months older than the victim.

WASH. REV. CODE § 9A.44.089(1) (2014). To determine whether conduct criminalized under a statute constitutes "sexual abuse of a minor," this court examines three factors: (1) whether the conduct involved a minor; (2) whether the conduct was "sexual"; and (3) whether the conduct constituted "abus[e]." *United States v. Puga-Yanez*, No. 15-41008, 2016 WL 3708243, at *3 (5th Cir. July 11, 2016).

3

No. 15-50670

Cruz-de Jesus concedes that the first two prongs of the analysis are satisfied. First, the Washington offense requires the involvement of a minor because it calls for the victim to be under the age of eighteen. Second, the offense is "sexual" in nature because it has "sexual arousal or gratification as its purpose." *United States v. Olalde-Hernandez*, 630 F.3d 372, 375 (5th Cir. 2011). The third element—whether the conduct was "abusive"—is disputed in this case. This question, however, has been resolved—and Cruz-de Jesus's argument effectively foreclosed—in the recent case *Puga-Yanez*, 2016 WL 3708243, at *4. In *Puga-Yanez*, this court held that harm to a minor is not an element of the generic crime of sexual abuse of a minor. *Id.* Harm is not an element even though psychological or physical harm to the minor often stems from the defendant's conduct. *Id.* As a result of this court's *Puga-Yanez* decision, we hold that the Washington offense of child molestation in the third degree fits the generic definition of "sexual abuse of a minor."

III.

A.

Cruz-de Jesus further contends that his previous Washington conviction was not a "felony" within the meaning of the term in the Sentencing Guidelines. Because Cruz-de Jesus did not raise this objection in district court, we review it for plain error. *See United States v. Ceron*, 775 F.3d 222, 225 (5th Cir. 2014). Under plain error review, the appellant must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If those three requirements are satisfied, the appellate court has discretion to cure the error. *Id.* Such discretion "ought to be exercised only if the error 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *Id.* (quoting *United States v. Atkinson*, 297 U.S. 157, 160 (1936)).

4

No. 15-50670

B.

The Sentencing Guidelines definition of a "felony" is "any federal, state, or local offense punishable by imprisonment of a term exceeding one year." U.S.S.G. § 2L1.2 cmt. n.2.  This court looks to the maximum statutory term of imprisonment, rather than the length of the defendant's actual sentence, in determining whether to classify an offense as a felony.  *See United States v. Rivera-Perez*, 322 F.3d 350, 352 (5th Cir. 2003); *United States v. Caicedo-Cuero*, 312 F.3d 697, 705–06 (5th Cir. 2002).

Cruz-de Jesus argues that his prior conviction should not be classified as a "felony" because he could not be sentenced to a term greater than twelve months under the Washington sentencing scheme. The state court judgment for his previous conviction reflects that the "standard range" for the conviction was six to twelve months of imprisonment and that the maximum statutory range was five years.  Cruz-de Jesus contends that the five-year term of imprisonment was inapplicable to him absent a finding that an exceptional sentence should have been imposed.

The Supreme Court resolved this matter with respect to the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(A)(ii), in *United States v. Rodriquez*, 553 U.S. 377 (2008).  In *Rodriquez*, the Court examined the Washington sentencing scheme and held that the concept of "maximum" term of imprisonment applied to the maximum term indicated in the relevant criminal statute rather than that depicted in the state sentencing guidelines range. *Rodriquez*, 553 U.S. at 390–91.  Cruz-de Jesus's argument that the term of imprisonment should be limited to a term of six to twelve months is thus thwarted.  In the light of *Rodriquez*, this court looks to the maximum statutory sentence within the Washington sentencing scheme.  Because the maximum statutory sentence for the Washington offense of child molestation in the third degree is five years, we conclude that this offense constitutes a "felony" for the

No. 15-50670

purposes of § 2L1.2.  Thus, Cruz-de Jesus's argument fails under plain error review because no forfeited error is present.

IV.

In sum, the district court did not err in applying the 16-level enhancement to Cruz-de Jesus's sentence.  First, our decision in *Puga-Yanez* resolves the issue of whether Cruz-de Jesus's previous conviction under the Washington statute of child molestation in the third degree constitutes a crime of violence under U.S.S.G. § 2L1.2(b)(1)(A)(ii).  Second, because the Supreme Court confirmed in *Rodriquez* that we are to consider the maximum statutory term of imprisonment in determining whether Cruz-de Jesus's previous offense constitutes a "felony" under the Sentencing Guidelines, we find no error under plain error review.  Thus, the sentence is AFFIRMED.