# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-40438
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 28, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

EDUARDO PENALOZA-CARLON,

Defendant–Appellant.

Appeal from the United States District Court
for the Southern District of Texas

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:

Eduardo Penaloza-Carlon pleaded guilty of having been found unlawfully in the United States after deportation after a felony conviction, and he was sentenced, below the advisory guideline range, to twenty-two months of imprisonment and three years of supervised release. On appeal, Penaloza-Carlon contends that the district court erred in applying the twelve-level

enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii) (2015) based on his Oregon conviction of rape in the third degree. He contends that the Oregon statute sweeps more broadly than the generic definitions of statutory rape, forcible sex offense, and sexual abuse of a minor for purposes of the § 2L1.2 crime-of-violence enhancement.

In the district court, Penaloza-Carlon urged that the § 2L1.2 enhancement did not apply because the Oregon statute lacks an age difference. Thus, we review *de novo* whether that conviction is a crime of violence under § 2L1.2 on that basis. *See United States v. Bonilla*, 524 F.3d 647, 651–52 (5th Cir. 2008). Because Penaloza-Carlon did not maintain, in the district court, that the conduct proscribed by the Oregon statute is broader than the generic, contemporary meaning of, *inter alia*, sexual abuse of a minor, we review that point for plain error. *See United States v. Garcia-Perez*, 779 F.3d 278, 281 & n.2 (5th Cir. 2015).

The Oregon statute defines rape in the third degree as "sexual intercourse with another person under 16 years of age." OR. REV. STAT. § 163.355(1). To determine whether conduct criminalized under a statute constitutes "sexual abuse of a minor," this court examines (1) whether the conduct involved a minor; (2) whether the conduct was "sexual"; and (3) whether the conduct constituted "abus[e]." *United States v. Puga-Yanez*, 829 F.3d 317, 320–21 (5th Cir. 2016).

The first two prongs are satisfied. First, the Oregon offense requires the involvement of a minor because it calls for the victim to be under the age of sixteen. Penaloza-Carlon's argument to the contrary is foreclosed. *See United States v. Rodriguez*, 711 F.3d 541, 560 (5th Cir. 2013) (en banc). Second, the offense is "sexual" in nature because it has "sexual arousal or gratification as its purpose." *United States v. Olalde–Hernandez*, 630 F.3d 372, 375 (5th Cir.

2011).

Penaloza-Carlon disputes the third element—whether the conduct was "abusive." He relies on decisions of the Ninth Circuit that the Oregon offense does not qualify as sexual abuse of a minor because it lacks the abuse element in that it does not expressly prohibit conduct that causes physical or psychological harm in light of the age of the victim. Those decisions, however, are not binding authority in this circuit and are inconsistent with our precedent.[1]

Penaloza-Carlon therefore has failed to show that the district court committed clear or obvious error by finding that the Oregon conviction was categorically sexual abuse of a minor. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). Accordingly, he has not shown that the court erred in applying the twelve-level enhancement under § 2L1.2(b)(1)(A)(ii)

AFFIRMED.

---

[1] *See United States v. Sauseda*, 596 F.3d 279, 282 (5th Cir. 2010) (holding that other circuits' decisions are persuasive only); *Puga-Yanez*, 829 F.3d at 322 & n.10 (holding that, even though psychological or physical harm to the minor often stems from the defendant's conduct, "harm to the minor is not an element of the generic crime of 'sexual abuse of a minor' [under § 2L1.2(b)(1)(A)(ii)]").