# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-10367

United States Court of Appeals
Fifth Circuit

**FILED**
January 3, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LARRY WAYNE STINNETT,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:15-CR-257-1

Before DAVIS, HAYNES, and COSTA, Circuit Judges.

PER CURIAM:[*]

Larry Wayne Stinnett was convicted of one count of possession of child pornography. The district court concluded that Stinnett had a prior state offense "relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor." 18 U.S.C. § 2252A(b)(2). That finding resulted in a statutory minimum sentence of 10 years and a maximum of 20 years. *Id.* Absent the enhancement that resulted from that prior offense, Stinnett would have faced at most ten years in prison. *Id.* Using the enhanced sentencing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-10367

range, the district court sentenced Stinnett to 160 months in prison and 10 years of supervised release. Stinnett argues that the district court erred by concluding that his prior Texas conviction for indecency with a child under Texas Penal Code § 21.11 qualified for the enhancement. He concedes that this claim is reviewed for plain error only and is likely unavailing under our prior jurisprudence. Stinnett's argument is, as he concedes, reviewed for plain error due to his failure to raise it in the district court.

To establish plain error, Stinnett must show that the district court committed a clear or obvious error that affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). Even if he does so, this court will correct the error only if it seriously affects the fairness, integrity, or public reputation of the proceedings. *Id.* He has not made this showing.

Under § 2252A(b)(2), one will receive an enhanced sentence if he has a prior conviction "under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor." The terms "aggravated sexual abuse," "sexual abuse," and "abusive sexual conduct involving a minor or ward" as used in § 2252A are not defined by statute, but rather are generic terms that must be given their ordinary, common meanings. *See United States v. Hubbard*, 480 F.3d 341, 348-50 (5th Cir. 2007). As Stinnett concedes, his § 21.11 conviction qualifies as a § 2252A(b)(2) predicate offense under the generic definition of sexual abuse of a minor given in our prior caselaw. *See United States v. Izaguirre-Flores*, 405 F.3d 270, 275 (5th Cir. 2005); *United States v. Cortez-Cortez*, 770 F.3d 355, 358 (5th Cir. 2014); and *United States v. Puga-Yanez*, 829 F.3d 317, 322-23 (5th Cir. 2016); *see also United States v. Najera-Najera*, 519 F.3d 509, 512 (5th Cir. 2008); *United States v. Zavala-Sustaita*, 214 F.3d 601, 603-04 (5th Cir. 2000). Additionally, because § 21.11 considered as a whole is not broader than the generic offense

No. 16-10367

of sexual abuse of a minor, there is no need to use the modified categorical approach that *Mathis v. United States*, 136 S. Ct. 2243 (2016), addresses.[1]

AFFIRMED.

---

[1] The parties do not raise and therefore we express no opinion on the effect, if any, of *Esquivel-Quintana v. Sessions*, 137 S. Ct. 1562, 1568–73 (2017), on our prior holdings. *See United States v. Brace*, 145 F.3d 247, 255 (5th Cir. 1998) (en banc) (declining to address issues not raised by the parties).