# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-41181

United States Court of Appeals
Fifth Circuit

**FILED**
June 12, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

      Plaintiff - Appellee

v.

JUAN DE LA CRUZ RECINOS-HERNANDEZ, also known as Juan Hernandez-Recinos,

      Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:18-CR-623

Before HAYNES, GRAVES, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Juan de la Cruz Recinos-Hernandez ("Recinos")[1] appeals his sentence imposed after pleading guilty to illegal reentry under 8 U.S.C. § 1326. Recinos makes just one argument, which he recognizes is subject to plain error review. Because we conclude that any potential error was not "clear" or "obvious," we AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Because his briefing refers to him only as "Recinos," we will use that name.

No. 18-41181

Recinos argues that the district court incorrectly calculated his recommended sentence range under the United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") because it considered one of Recinos's previous convictions to be a "felony." The Sentencing Guidelines define a felony to be "any federal, state, or local offense punishable by imprisonment for a term exceeding one year." U.S.S.G. § 2L1.2 cmt. n.2. Recinos had previously been convicted in Washington state court of possessing a controlled substance, which was a Class C felony punishable by up to five years in prison. *See* WASH. REV. CODE ANN. §§ 9A.20.021, 69.50.4013. The district court in this case considered that conviction to be a felony and applied a sentencing enhancement that increased his federal guidelines range from ten to sixteen months to eighteen to twenty-four months.

The hitch, according to Recinos, is that his state court conviction was subject to Washington's mandatory sentencing guidelines. Under those state guidelines, Recinos was eligible only for zero to six months of imprisonment. Thus, he argues, his state conviction was not a felony because he was only subject to six months of imprisonment, and the enhancement was incorrect.

This argument is directly contrary to his attorney's admission at the sentencing hearing referencing the Washington conviction as a felony. The Government argues that attorney's statement amounted to waiver of this argument.

The Government's waiver argument is a strong one, but even if we treat the alleged error as merely forfeited (it clearly was not raised), at best, Recinos's argument must be evaluated under plain error review. *See* FED. R. CRIM. P. 52(b). Even allowing for plain error review, Recinos has not shown that any potential error was plain error. *See United States v. Escalante-Reyes*, 689 F.3d 415, 419 (5th Cir. 2012) (en banc). To rise to the level of plain error,

a "legal error must be clear or obvious, rather than subject to reasonable debate." *United States v. Ellis*, 564 F.3d 370, 377–78 (5th Cir. 2009).

Here, there is a reasonable debate over whether a "felony" in Washington is measured by the offense's statutory maximum or the recommended guidelines range. We have no binding in-circuit authority resolving the issue. We have previously concluded, in an unpublished decision, that Recinos's exact argument was not plain error. *See United States v. Cruz-de Jesus*, 663 F. App'x 296, 298–99 (5th Cir. 2016).[2] There, we relied on *United States v. Rodriquez*, 553 U.S. 377 (2008), to conclude that a district court did not plainly err by using a Washington statute's maximum sentence instead of the state guidelines' maximum sentence for felony categorization. *See Cruz-de Jesus*, 663 F. App'x at 299. In *Rodriquez*, the Supreme Court concluded that a federal court applying a similarly worded sentencing provision should look to the state statutory maximum, not "to the top sentence in a [state] guidelines range." *United States v. Rodriquez*, 553 U.S. 377, 390 (2008). It even dealt with a Washington conviction, just as Recinos's conviction and the conviction in *Cruz-de Jesus* were. *Id.* at 380–81. *Rodriquez* thus provides a strong ground to conclude that the district court did not err at all.

Recinos argues that cases decided after *Rodriquez*—namely *Moncrieffe v. Holder*, 569 U.S. 184 (2013), and *Carachuri-Rosendo v. Holder*, 560 U.S. 563 (2010)—undermine the reasoning in *Rodriquez*. Those cases, of course, were dealing with the separate question of whether the state conviction would qualify as a federal felony, not how to determine a maximum sentence under state law for federal sentencing guidelines purposes. But even if those cases arguably alter the trajectory, we still conclude any potential error was not

---

[2] "An unpublished opinion issued after January 1, 1996 is not controlling precedent, but may be persuasive authority." *Ballard v. Burton*, 444 F.3d 391, 401 & n.7 (5th Cir. 2006) (citing 5TH CIR. R. 47.5.4).

No. 18-41181

plain. The Supreme Court has not retracted its statement that state felony offenses are not felonies because they are limited by state guidelines provisions nor has it overruled *Rodriquez*. We would thus, in the best case for Recinos, have to extend those later cases to a new context; extension of precedent is not plain error. *See United States v. Lucas*, 849 F.3d 638, 645 (5th Cir. 2017) ("An error is not plain under current law if a defendant's theory requires the extension of precedent." (internal quotation marks omitted) (quoting *United States v. Trejo*, 610 F.3d 308, 319 (5th Cir. 2010))). We concluded in *Cruz-de Jesus* that any error was not plain even though the appellant there also cited *Moncrieffe* and *Carachuri-Rosendo*in its briefing. If it was not plain error then, it is not plain error now, especially after *Cruz-de Jesus* re-emphasized the reasoning in *Rodriquez*.

*Blakely v. Washington*, 124 S. Ct. 2531 (2004) does not address the issue presented here. The question in *Blakely* arose in a direct appeal of a Washington sentence and, thus, addressed what facts the defendant was entitled to have a jury, rather than a judge, find in support of a sentence. *Id.* at 2538. By contrast, here we have the issue of whether a federal judge, in determining whether a state court conviction is a felony for purposes of federal guidelines, should look to the statutory maximum or the state sentencing guidelines in the particular case. While a good argument can be made for the latter, an equally good argument can be made that the federal sentencing guidelines reference the more uniform approach of looking at the state statute of conviction, consistent with the categorical approach we apply. *See, e.g., Taylor v. United States,* 495 U.S. 575 (1990); *United States v. Flores*, 2019 U.S. App. LEXIS 13059 **4-6 (5th Cir. Apr. 30, 2019).

Recinos cites out-of-circuit cases that adopted his argument. *See United States v. Valencia-Mendoza*, 912 F.3d 1215, 1223–24 & n.4 (9th Cir. 2019) (adopting the argument and collecting relevant cases). None of these cases

were decided under plain error review. Recinos also cites unpublished cases from our circuit accepting concessions by the Government in cases involving convictions from North Carolina, which has a different system from Washington. *United States v. Loredo-Mendez*, 638 F. App'x 423, 424-25 (5th Cir. 2016); *United States v. Zacarias-Lopez*, 583 F. App'x 354 (5th Cir. 2014).[3] None of these cases puts beyond debate the point we emphasized in *Cruz-de Jesus*. At best, they show diverse viewpoints over a difficult question. Nothing has so clearly resolved the issue that we can say that the district court "clearly" or "obviously" erred.

Consequently, we AFFIRM.

---

[3] Recinos also cites two, one-sentence orders granting the parties' unopposed motions to remand for resentencing. Such orders are neither binding nor persuasive authority in other cases.