# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 21, 2021

Lyle W. Cayce
Clerk

No. 20-40548
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

CORREY JAMES RIDER,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:18-CR-42-6

Before WIENER, SOUTHWICK, and DUNCAN, *Circuit Judges*.

PER CURIAM:*

Defendant-Appellant Correy James Rider was convicted of one count of conspiring to possess and distribute methamphetamine (Count One); one count of aiding and abetting in the knowing and intentional possession of methamphetamine with the intent to distribute (Count Three); one count of

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-40548

aiding and abetting in the knowing and intentional possession of methamphetamine with the intent to distribute (Count Twelve); and one count of aiding and abetting in the knowing and intentional possession of cocaine base with the intent to distribute (Count Thirteen). He was sentenced within the guidelines range to a total of 360 months of imprisonment and a total of five years of supervised release. He now appeals his conviction and sentence, asserting that the evidence was insufficient to support his convictions on Counts Three and Twelve and that the application of an enhancement pursuant to U.S.S.G. § 2D1.1(b)(1) was unwarranted in light of the record.

Rider moved for a judgment of acquittal in the district court, so we review his sufficiency of evidence claims *de novo*. *United States v. Brown*, 727 F.3d 329, 335 (5th Cir. 2013). In doing so, we ask whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (internal quotation marks and citation omitted; emphasis added by the court).

Rider's brief focuses on whether there was sufficient evidence that he actually or constructively possessed the methamphetamine. He makes only conclusional assertions regarding aiding and abetting. However, actual or constructive possession of controlled substances is not an element of the offense of aiding and abetting the possession of controlled substances with the intent to distribute. *See* 18 U.S.C. § 2; 21 U.S.C. § 841; *United States v. Scott*, 892 F.3d 791, 798 (5th Cir. 2018). Rider has thus failed to present a meaningful challenge to his convictions on Counts Three and Twelve. *See United States v. Green*, 964 F.2d 365, 371 (5th Cir. 1992). In any event, a review of the testimony confirms there was ample evidence to support his aiding and abetting convictions on both counts, and we would affirm even if the issue were properly briefed.

No. 20-40548

Rider also contends that the Government failed to prove that his co-defendant's possession of a firearm was reasonably foreseeable, thus warranting the § 2D1.1(b)(1) enhancement. We review the district court's interpretation and application of the Sentencing Guidelines *de novo* and its findings of fact for clear error. *United States v. Odom*, 694 F.3d 544, 546–47 (5th Cir. 2012). We find no clear error in the district court's application of this enhancement given the evidence before that court. *See United States v. Aguilera-Zapata*, 901 F.2d 1209, 1215 (5th Cir. 1990) (footnote omitted). We decline Rider's invitation to disregard our binding precedent in favor of that of other circuits. *See United States v. Penaloza-Carlon*, 842 F.3d 863, 864 & n.1 (5th Cir. 2016).

The judgment of the district court is AFFIRMED.