# United States Court of Appeals
# for the Fifth Circuit

_____

No. 22-10976
Summary Calendar
_____

United States Court of Appeals
Fifth Circuit

**FILED**
June 6, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Mark Andre Green,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:21-CR-372-1

_____

Before Stewart, Duncan, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Mark Andre Green appeals the sentence imposed following his guilty plea conviction for possession of a firearm after a felony conviction. He argues the district court erred in assigning an enhanced base offense level

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-10976

under U.S.S.G. § 2K2.1(a)(1) because his prior Texas conviction for aggravated assault with a deadly weapon was not a crime of violence.[1]

Relying on *Borden v. United States*, 141 S. Ct. 1817 (2021), Green argues that the Texas aggravated assault offense may be committed recklessly and, therefore, it is no longer a crime of violence under § 2K2.1(a)(1) and U.S.S.G. § 4B1.2(a). Because he raised this argument in the district court, our review is *de novo*. *See United States v. Puga-Yanez*, 829 F.3d 317, 319 (5th Cir. 2016) (per curiam).

In *Borden*, the Supreme Court held that an offense with a mens rea of recklessness cannot qualify as a violent felony under the elements clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(i). 141 S. Ct. at 1825. *Borden*, however, did not address recklessness in the context of enumerated offenses. *See id.* We have previously held that Texas aggravated assault is a crime of violence under the enumerated offense clause in U.S.S.G. § 2L1.2. *United States v. Guillen-Alvarez*, 489 F.3d 197, 200–01 (5th Cir. 2007). Indeed, the "crime of violence" definitions in § 2L1.2 and § 4B1.2 are construed consistently for enumerated offenses. *United States v. Rayo-Valdez*, 302 F.3d 314, 318 (5th Cir. 2002). Because *Guillen-Alvarez* did not define generic aggravated assault as requiring the use of force against another, it was not affected by the Supreme Court's decision in *Borden*. *See Borden*, 141 S. Ct. at 1825.

Green also argues that, in amending § 4B1.2's definition of crime of violence in 1989, the United States Sentencing Commission acted without authority when it abandoned the definition of crime of violence in 18 U.S.C.

_____

[1] Green characterizes his 2009 offense as aggravated assault by bodily injury. However, the state court documents reflect that he was convicted of aggravated assault with a deadly weapon.

2

No. 22-10976

§ 16, and he contends that the definition in the Guidelines is invalid to the extent it deviates from § 16. Although Green argued in the district court that his prior conviction was not a crime of violence in view of *Borden*, he did not argue that the Sentencing Commission exceeded its authority when it abandoned the definition of crime of violence in § 16(a). Therefore, our review is limited to plain error. *See United States v. Velasquez-Torrez*, 609 F.3d 743, 746 (5th Cir. 2010) (per curiam). To prevail on plain error review, Green must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, this court has the discretion to correct the error but should do so only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks, brackets, and citation omitted). "An error is not plain under current law if a defendant's theory requires the extension of precedent." *United States v. Trejo*, 610 F.3d 308, 319 (5th Cir. 2010) (internal quotation marks and citation omitted); *see United States v. Cabello*, 33 F.4th 281, 291 (5th Cir. 2022).

Green has not cited a decision of this court addressing this issue. Because his argument would require the extension of precedent, he has not shown that any error by the district court was clear or obvious. *See Cabello*, 33 F.4th at 291. Therefore, he has not established plain error. *See Puckett*, 556 U.S. at 135.

AFFIRMED.

3