# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 29, 2024

Lyle W. Cayce
Clerk

————————

No. 23-30288

————————

United States of America,

*Plaintiff—Appellee*,

*versus*

Harold Foster; Marc Dalton,

*Defendants—Appellants*.

————————————————————

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:20-CR-107-1

————————————————————

Before Higginbotham, Stewart, and Higginson, *Circuit Judges*.
Per Curiam:[*]

Marc Dalton ("Dalton") and Harold Foster ("Foster") were charged with two counts of carjacking (Counts 1 and 3) and two counts of use of a firearm during and in relation to a crime of violence (Counts 2 and 4). A jury convicted Dalton and Foster of the offenses. The district court denied Dalton's motion for judgment of acquittal and sentenced him to 498 months' imprisonment with the additional imposition of three years of supervised

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

release. The district court also denied Foster's motion for a new trial and sentenced him to 528 months' imprisonment with the additional imposition of three years of supervised release. For the following reasons, we AFFIRM Foster's convictions and sentence. We AFFIRM Dalton's conviction. We VACATE Dalton's July 11, 2023 judgment for lack of jurisdiction and therefore REINSTATE Dalton's April 25, 2023 judgment, which we AFFIRM.

## I.   FACTUAL & PROCEDURAL BACKGROUND

On April 10, 2020, Foster, Dalton, and a third unknown assailant carjacked Eddie Proffitt at a gas station in New Orleans East. Upon exiting the gas station and returning to his car, Dalton approached Proffitt with a gun while Foster stood nearby. The third carjacker forced Proffitt into the backseat. Foster then drove off with the third carjacker and Proffitt. The third carjacker and Foster eventually dropped Proffitt off near a car dealership in New Orleans East, and he called 911.

Two days later, on April 12, 2020, while walking in a Mid-City neighborhood, Foster, Dalton, and the third unknown assailant carjacked Dessmon Magee and Kushtrim Pira. They forced Magee and Pira at gunpoint into the backseat, drove the car away, and dropped Magee and Pira off shortly thereafter. Upon being dropped off, Magee and Pira walked into the French Quarter and called 911. Following a police chase, the carjackers crashed the stolen car. Although the third carjacker escaped, Foster and Dalton were both placed under arrest at the scene of the accident. Officers brought Magee and Pira to the scene of the accident where they were able to identify Dalton. They did not have the opportunity to identify Foster as he had already been relocated to the hospital due to the injuries he suffered in the accident.

No. 23-30288

Foster and Dalton were charged[1] in a multi-count indictment on October 16, 2020. Count 1 charged Foster and Dalton with carjacking Proffitt on April 10, 2020.[2] Count 2 charged Foster and Dalton with knowingly brandishing, carrying, and using a firearm during the carjacking.[3] Count 3 charged Foster and Dalton with carjacking Magee and Pira on April 12, 2020.[4] Count 4 charged Foster and Dalton with knowingly brandishing a firearm during a carjacking on April 12, 2020.[5] Count 5 charged Foster and Dalton with being a felon in possession of a firearm.

The trial concluded with the jury finding Dalton and Foster both guilty on Counts 1–4.[6] Foster's motion for a new trial was denied by the district court, and he was sentenced to 528 months' imprisonment with the additional imposition of three years of supervised release. Foster timely appealed. *See* FED. R. APP. P. 4(b)(1). Thereafter, the district court issued an amended judgment as to Foster to reflect the restitution amount to which the parties had stipulated.[7] Foster filed a timely appeal. *See* FED. R. APP. P. 4(b)(1); *Manrique v. United States*, 581 U.S. 116, 125 (2017) (holding that separate appeal is needed from amended judgment imposing restitution).

On April 25, 2023, Dalton was sentenced to 498 months' imprisonment with the additional imposition of three years of supervised

---

[1] Dalton and Foster were each charged with identical counts for Counts 1–5.

[2] 18 U.S.C. §§ 2119 (1) and (2).

[3] 18 U.S.C. §§ 924(c)(1)(A)(ii).

[4] 18 U.S.C. §§ 2119 (1) and (2).

[5] 18 U.S.C. §§ 924(c)(1)(A)(ii).

[6] 18 U.S.C. §§ 922(g)(1) and 924(a)(2). After sentencing, the government moved to dismiss Count 5.

[7] Foster was ordered to pay restitution in the amount of $8,500.

release. Dalton noticed his appeal of that judgment three days later. On May 5, 2023, the district court issued an order stating that it had incorrectly believed that Dalton's sentence was within the Guidelines range and expressed concern that no notice was provided for the non-Guidelines sentence. Consequently, the district court vacated the prior judgment, provided notice that it may depart upwardly, and held a new sentencing hearing. At the new sentencing hearing, the district court reimposed the same sentence and clarified that the sentence was above the Guidelines range. Fed. R. App. P. 4(b)(1).

## II.   STANDARD OF REVIEW

This court reviews preserved challenges to the sufficiency of the evidence de novo and in the light most favorable to the verdict. *United States v. Gonzalez*, 907 F.3d 869, 873 (5th Cir. 2018). Furthermore, this court determines "whether the challenged sentence was substantively unreasonable by considering the totality of the circumstances, including the extent of any variance from the Guidelines range." *United States v. Gerezano-Rosales*, 692 F.3d 393, 398 (5th Cir. 2012). We conclude that a sentence above those set forth in the Guidelines "unreasonably fails to reflect the statutory sentencing factors set forth in section 3553(a) only where it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the factors." *United States v. Churchwell*, 807 F.3d 107, 123 (5th Cir. 2015). "The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall v. United States*, 552 U.S. 38, 51 (2007) (internal citations omitted).

Finally, "Federal Rule of Criminal Procedure 33 . . . permits a court to 'vacate any judgment and grant a new trial if the interest of justice so

No. 23-30288

requires.' We review a district court's decision regarding a Rule 33 motion for an abuse of discretion. 'Such motions are disfavored and reviewed with great caution.'" *United States v. Turner*, 674 F.3d 420, 429 (5th Cir. 2012).

## III. DISCUSSION

On appeal, Dalton argues that (1) the evidence at trial was insufficient to support his convictions of the carjacking offenses and that (2) his sentence was unreasonable. Foster argues that the district court erred in denying his motion for a new trial based on his claim that the trial evidence was insufficient. We are unpersuaded by each of these arguments.

*A. Sufficiency of the Evidence Regarding Dalton's Carjacking Convictions Under Counts 1 and 3*

First, Dalton argues that the evidence was insufficient to support his convictions of the carjacking offenses. To convict a defendant for carjacking under 18 U.S.C. § 2119, the government must prove that "the defendant (1) while possessing a firearm, (2) took from the person or presence of another (3) by force and violence or intimidation (4) a motor vehicle which had moved in interstate or foreign commerce." *United States v. Harris*, 960 F.3d 689, 692 (5th Cir. 2020). Because the indictment also charged Dalton with aiding and abetting, additional proof is required to show that the offense occurred, and that the defendant associated with the criminal venture, purposely participated in it, and sought by his actions to make it successful. *See United States v. Moore*, 708 F.3d 639, 649 (5th Cir. 2013).

> To be convicted under an aiding and abetting theory, the defendant must "share[ ] in the principal's criminal intent" and take some affirmative steps "to aid the venture or assist[ ] the perpetrator of the crime." He "must have aided and abetted each material element of the alleged offense[s]." "[M]ere presence at the scene of the crime is not sufficient, by itself, to support aiding and abetting liability."

5

*Turner*, 674 F.3d at 442 (internal citations omitted).

The government's briefing presents the following in support of its position that there was more than sufficient evidence to justify Dalton's convictions: (1) "the similarities between the carjackings and the fact that they occurred two days apart suggests that they were committed by the same people"; (2) "Dalton was recorded the night of the New Orleans East carjacking wearing the same sweatshirt that was later recovered from the flipped car"; and (3) "the New Orleans East victim's phone was found at the scene of the flipped car . . . where Dalton and Foster were identified as carjackers by the victims of the later Mid-City carjacking." Additionally, Pira and Magee both provided descriptions of the weapon Dalton was purported to have brandished during the carjacking. The firearm subsequently recovered by law enforcement officers both matched the description provided by Pira and Magee and contained a round of ammunition in the chamber.

Regarding intent, the government asserts that the jury could conclude "from the video that, 'at the moment the defendant[s] demanded or took control over the driver's automobile the defendant[s] possessed the intent to seriously harm or kill the driver if necessary to steal the car (or, alternatively, if unnecessary to steal the car).'" The evidence reflects that the weapon used in furtherance of the carjacking was loaded, and that Dalton and his associates possessed the required intent.

Dalton argues that this court should follow Sixth Circuit precedent establishing that the "mere brandishing of a firearm cannot establish the requisite intent to kill or cause great bodily harm." *See United States v. Fekete*, 535 F.3d 471, 480 (6th Cir. 2008). This court has not adopted this standard. While sister circuit precedents can be informative, "[d]ecisions issued by other circuits . . . are not binding on this court." *Avelar-Oliva v. Barr*, 954

F.3d 757, 765 (5th Cir. 2020) (citing *United States v. Penaloza-Carlon*, 842 F.3d 863, 864 & n.1 (5th Cir. 2016)). The dispositive issue is not whether there was the infliction of *actual* violence by Dalton, but rather whether Dalton would have at least tried to cause death or serious bodily harm if he deemed it necessary in order to take the vehicle. *See Holloway v. United States*, 526 U.S. 1, 11–12 (1999). Viewing the evidence in the light most favorable to the jury's verdict, a rational jury could find beyond a reasonable doubt that Dalton had, or shared, the conditional intent to cause death or serious bodily harm if needed to take the car. *See United States v. Davis*, 735 F.3d 194, 198 (5th Cir. 2013). Thus, we uphold Dalton's conviction under Counts 1 and 3 and decline his invitation to adopt the Sixth Circuit's reasoning in *Fekete*.

### B. Reasonableness of Dalton's Sentence

Next, Dalton argues that his sentence, a combined total of 498 months in prison (consisting of 165 months as to Count 1, 84 months as to Count 2, 165 months as to Count 3, and 84 months as to Count 4) all to be served consecutively, represented a substantial upward departure from the sentencing range of 319 to 348 months. Dalton argues only that the "facts considered . . . including threats of violence, battery, and [Dalton's] possession of a firearm, were not established by the evidence or found beyond a reasonable doubt by the jury," and concludes, without further explanation, that the district court's "reasoning was suspect." But here, the record reflects that the district court did provide reasons for the upward departure.

During the April 25, 2023 sentencing proceedings, the district court noted that the Guidelines range for Counts 1 and 3 is 151 to 180 months. Additionally, both Counts 2 and 4 carry accompanying 84-month sentences. Dalton filed a notice of appeal of that judgment. The district court then vacated the judgment and issued an order stating that it had mistakenly believed it was imposing a within-Guidelines sentence, expressing concern

that it had not provided proper notice for the upward departure. Subsequently, at the July 11, 2023 re-sentencing hearing, the district court imposed the same 498-month sentence. Dalton then noticed an appeal of the July 11 judgment. Dalton's notice of appeal of the April 25 judgment divested the district court of jurisdiction to vacate that judgment and enter the July 11 judgment. *See United States v. Willis*, 76 F.4th 467, 471–72 (5th Cir. 2023). The government contends that we may reinstate and reaffirm the April 25 judgment as an upward variance that did not require notice. We agree, and Dalton offered no argument to the contrary in his reply brief or at oral argument.

At the April sentencing hearing, the district court explained that the sentence, in reference to the Section 3553(a) factors, was warranted based on the following: (1) Dalton had a firearm during both carjackings, one in which a victim was physically hit and the second in which he was involved in a high-speed chase with law enforcement; (2) both carjackings involved kidnapped victims; (3) Dalton's criminal history (category IV) substantially underrepresented his actual criminal history, which dated back to 2009; (4) Dalton was adversely affected by his upbringing; and (5) Dalton experiences mental health and substance abuse issues. Because Dalton has not shown that the district court abused its discretion in upwardly varying after considering these factors, we affirm. *See Gall v. United States*, 552 U.S. 38, 39 (2007) (noting that the appellate court may consider the extent of the deviation, but must give due deference to the district court's decision that the 18 U.S.C. § 3553(a) factors, on a whole, justify the extent of the variance).

*C. Denial of Foster's Motion for a New Trial*

Foster argues that the government failed to meet its burden in proving that he had the required criminal intent to commit the carjackings as alleged in Counts 1 and 3 under 18 U.S.C. § 2119. Additionally, Foster argues that he

was improperly identified as one of the offenders who committed the carjacking of Proffitt as alleged in Count 1.

> The Supreme Court has explained that the intent element "of § 2119 is satisfied when the government proves that at the moment the defendant demanded or took control over the driver's automobile the defendant possessed the intent to seriously harm or kill the driver if necessary to steal the car (or, alternatively, if unnecessary to steal the car)."

*Harris*, 960 F.3d at 692 (quoting *Holloway*, 526 U.S. at 12)).

The record before us is replete with evidence to support the conclusions that the words and actions of Foster and his associates were intended to intimidate Pira and Magee into surrendering the vehicle and plausibly establish that he would have used violence if the victims resisted. Furthermore, the record reflects that Foster was identified as the man who sat in the back seat of the vehicle and aimed the firearm at Pira and Magee after they were forced inside. Additionally, the jury was provided with video evidence of the gas station where the carjacking of Proffitt occurred. This powerful array of record evidence convincingly shows that the jury could have reasonably identified Foster as one of the men involved in Proffitt's carjacking.

We are not tasked with revisiting the evidence, reevaluating witness credibility, or reconciling purportedly contradictory evidence. *See United States v. Tarango*, 396 F.3d 666, 672 (5th Cir. 2005) (citing *United States v. Dula*, 989 F.2d 772, 778–79 (5th Cir. 1993)). Instead, we must solely focus on determining whether the district court abused its discretion in denying Foster's motion for a new trial. *See id.* Given the demanding standard to obtain relief set forth by Rule 33, we conclude that Foster failed to show that a miscarriage of justice occurred that necessitated the granting of a new trial. Therefore, we hold that the district court properly denied Foster's motion for a new trial.

No. 23-30288

## IV.    CONCLUSION

For the foregoing reasons, we AFFIRM Foster's convictions and sentence and we AFFIRM Dalton's conviction. We VACATE Dalton's July 11, 2023 judgment for lack of jurisdiction and therefore REINSTATE Dalton's April 25, 2023 judgment, which we AFFIRM.